The judgment being in conformity to these views, it is affirmed.

---

## L. & N. R: R. Co. v. Gardner's Adm'r.

(Decided November 25, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Railroads—Killing Person on Track—Action Therefor—Habits of Deceased for Drunkenness—Competency of Evidence.—In an action against a railroad company for damages by the administrator of a man killed on its track, it was competent for the defendant to show that the deceased was drunk at the time he was killed, but what his habits were for sobriety was immaterial. Evidence that deceased was of sober habits was competent upon the question of his earning capacity and for this purpose it must ordinarily be introduced in chief and not in rebuttal, and when it is so introduced the court should instruct the jury that it is to be considered for that purpose only.

2. Same—Lookout Required at Street Crossings.—In operating a railroad train it is the duty of those in charge thereof to keep a reasonable lookout for persons using a street crossing to give notice of the approach of the train thereto, by ringing the bel far enough away to give reasonable warning of its approach, and in using the railroad at a street crossing it is the duty of a person to use such care as may usually be expected of a sober person to learn of the approach of the train and keep out of its way. and if he fails to exercise such care and but for this he would not have been struck the railroad company is not liable.

BENJAMIN D. WARFIELD, HELM & HELM, T. K. HELM and CHAS. H. MOORMAN, for Appellant.

CHATTERSON. & BLITZ and J. M. CHILTON, for Appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On the evening of January 4, 1908, Stetson Gardner while passing over the tracks of the Louisville & Nashville Railroad at Clare Avenue in Louisville, Kentucky, was struck by a southbound freight train, and killed almost instantly. This action was brought to recover for his death, and a verdict and judgment having been rendered against the defendant for $5,000, it appeals.

At Clare Avenue the railroad company has two tracks; the trains going into the city run on the north track, and those going out running on the south track. Immediately south of the railroad track is Frankfort Avenue, and Clare Avenue crosses it at right angles. The deceased came out of the city on a street car, which stopped and turned around about 225 feet west of Clare Avenue. He walked east up Frankfort Avenue until he reached Clare Avenue, and there he turned northward up Clare Avenue to go to his home. He crossed the south track of the railroad, and was struck by a westbound freight train just as he reached the north track. It was a dark, rainy evening. The proof introduced by plaintiff showed that the headlight of the engine was not lighted, and that no signal of the approach of the train to the crossing was given. It also tended to show that a passenger train was going east on the south track about the time the deceased reached Clare Avenue, and that this train prevented him from hearing or seeing the freight train. On the other hand, the proof for the defendant showed that the headlight was burning on the engine; that by an ordinance of the city the blowing of a whistle at that point was not allowed, but that the bell was ringing, and had been ringing for some distance back of the crossing. Its proof also showed that the passenger train passed before the freight train came up, and did not interfere in any way with the deceased seeing and hearing the freight train. The railroad tracks are a little lower than Frankfort Avenue; the deceased went through a slight cut in going from Frankfort Avenue to the railroad track. But when he got near the south track there was nothing to prevent his seeing. The railroad track at this point is straight; it is 31 feet from the south side of the south track to the boundary line of the railroad right of way, and the north track is about ten feet from the south track.

The train was running about eighteen miles an hour. The deceased was not seen by the engineer until he was within a few feet of the track and the train was then practically upon him, and before anything could be done he was struck.

It is earnestly insisted for the railroad company that under the evidence the jury should have been instructed peremptorily to find for the defendant, but in view of the proof that the headlight was not burning, and that no signals of the approach of the train to the crossing was given, we think the court properly refused to so instruct the jury.

The defendant proved by a number of witnesses that the deceased was very drunk on the evening in question. The plaintiff in rebuttal was allowed to introduce a number of witnesses who testified in substance that the deceased was sober in his habits; that they had never known him to be intoxicated; that there was nothing in his appearance to indicate that he was an intemperate man. This evidence was incompetent in rebuttal, and should not have been admitted. It was competent to show that the deceased was drunk or sober on the night in question, but what his habits for sobriety were, was immaterial. (Southern R. R. Co. v. Winchester, 127 Ky. 144; L. & N. R. R. Co. v. Taylor, 31 R. 1143; Madisonville v. Stewart, 121 S. W. 421, and cases cited.) It is true that evidence that the deceased was a person of sober habits is competent upon the question of his earning capacity. (L. & N. R. R. Co. v. Daniel, 112 Ky. 256), but for this purpose it must ordinarily be introduced in chief and not in rebuttal (unless in case of surprise or mistake), and when it is so introduced the court should instruct the jury that it is to be considered for that purpose and for no other purpose. There was so much of this evidence on the trial that we think the defendant's substantial rights were prejudiced by its admission.

In L. & N. R. R. Co. v. Cummins' Admr., 111 Ky. 338, a case not unlike this, we said:

"In using the railroad and the street crossing, both parties were required to exercise the same degree of care. It was incumbent on appellant to give such notice of the approach of the train to the crossing, to run the train at such speed, keep such lookout, and use such care to avoid injury to persons thereon, as might usually be expected of ordinarily prudent persons operating a railroad under like circumstances. It was incumbent on

the intestate to use such care as might usually be expected of an ordinarily prudent person, situated as he was, to learn of the approach of the train, and keep out of its way.  If the crossing was especially dangerous, it was incumbent on both parties to exercise increased care commensurate with the danger.  If appellant's servants operating the train failed to use proper care, and by reason of such failure the intestate was struck and killed, while exercising proper care, appellant is liable.  But, if the intestate failed to exercise such care as was required of him, and but for this the injury would  not have occurred, appellant is not liable, although there was also a want of proper care on its part.  If the intestate was intoxicated at the time, this would not affect the rights of the parties, unless by reason of his intoxication, he failed to exercise such care for his safety as might be ordinarily expected of a sober person of ordinary prudence, situated as he was and but for such failure, would not have been injured; in which event appellee cannot recover.''

The same rule was in substance laid down in Southern R. R. Co. v. Winchester, 127 Ky. 144.  The instructions of the court do not conform to the rule laid down in these cases.  In lieu of the first instruction, the court on another trial will tell the jury that it was the duty of the defendant to keep a reasonable lookout ahead for persons who were using the crossing at Clare Avenue, to give notice of the approach of the train to the crossing, by ringing the bell far enough away from the crossing to give reasonable warning of the approach of the train to persons using the crossing, and to have the engine headlight lighted; and if it failed in any of these duties, and by reason thereof, Gardner was killed, they should find for the plaintiff, unless they find as set out in No. 2.  In lieu of the 2nd instruction the court will tell the jury that in using the railroad and the street crossing both parties were required to exercise the same degree of care;  that it was the duty of the intestate to use such care as may usually be expected of a sober person of ordinary prudence under like circumstances, to learn of the approach of the train, and keep out of its way; and if he failed to exercise such care, and but for this would not have been struck, the appellant is not liable, although there was also a want of proper care on its part as set out in No. 1.

We do not pass upon the other matters complained of, as they may not arise on another trial.

Judgment reversed, and cause remanded for a new trial.