## Jellico Coal Mining Co. v. Lee, By, et al.

(Decided December 5, 1912.)

## Appeal from Whitley Circuit Court.

1. Instructions—Pleading.—The court properly refused the instruction offered, as there was no pleading to authorize it.
2. Instructions—Contributory Negligence—Pleading.—Before a party can have an instruction presenting special facts showing contributory negligence, such facts must be pleaded, if they are shown to have occurred either before or after the injury; but, if the alleged contributory negligent acts occured at the time of the injury, it is proper to base an instruction on them although they are not pleaded.
3. Instructions—Contributory Negligence.—An instruction which is based on evidence tending to show contributory negligence in a single respect, is erroneous if there is also evidence tending to show contributory negligence in any other respect. Such an instruction should group all the facts constituting the defendant's defense of contributory negligence.
4. Evidence—Verdict.—Verdict found not to be flagrantly against the evidence.

TYE & SILER for appellant.

R. L. POPE for appellees.

Opinion of the Court by Judge Nunn—Affirming.

Larkin Lee, a boy nineteen years of age, was injured in appellant's coal mine while driving a mule hitched to a cut of two or three cars. The front car, the one upon which he was riding, was thrown from the track and his thumb was caught between it and a prop or the side of the mine and mashed off near the second joint. He also received other injuries but it is not necessary to mention them here. He instituted this action in the lower court to recover damages occasioned by the injuries and the jury awarded him $525, and appellant seeks a reversal of the judgment of the lower court for two reasons: First, because the verdict was flagrantly against the evidence; second, because the court erred in instructing the jury.

It appears that Lee had been working in appellant's mine for some time as a "gin hand;" that on December 1, 1910, he, under the direction of his boss, Hollars, commenced to drive a mule hitched to cars, along the entry of the mine; that he had never before been en-

gaged at that character of work and he so informed
Hollars before he began, and that he had been so en-
gaged only four or five days before he was injured.
The testimony for the boy shows that he was directed
to and did hitch the mule to the cars which were near
the entry of the mine and which were loaded with tim-
ber to be used in the mine; that he took his seat on the
front of the front car at the usual place; that when he
had driven the mule about three hundred feet along the
entry, he, by the aid of a lamp on his cap, discovered
one end of a cross beam which was used to support the
roof, hanging down six or seven inches and he ducked
so as to pass under it, but some of the timbers on one of
the other cars, which extended up above the bed of the
cars, struck the hanging cross beams and gave the cars
such a jerk as to cause the wheels of the front car to
leave the track, resulting in the injury to Lee before
stated and also in an injury to his leg.

The petition alleged that appellant was negligent in
placing Lee to work in an entry where such defective
and dangerous conditions prevailed; that Lee was
ignorant of the danger himself and that appellant knew
or could have known of it by the exercise of ordinary
diligence. It was also alleged that the entry through
which Lee was driving was too narrow; that it was only
about six feet wide when, to be safe, it should have been
nine or more feet wide; that, as the entry was so nar-
row, the posts which supported the cross beams used
to hold the roof, had to be placed dangerously near the
car track; that the posts were only from four to six
inches from the track when they should not have been
closer than fourteen inches. And it was alleged that
Lee was unaware of the dangers incident to the use of
such an entry and that appellant knew it. By its an-
swer, appellant made a specific denial of the petition,
and alleged contributory negligence in general terms,
but did not mention any particular act of Lee consti-
tuting such negligence.

Appellee and his witnesses sustained the allegations
of the petition. Appellant introduced its boss, Hol-
lars, and he testified that he saw the condition of the
cars soon after the wreck and injury to Lee. He stated
that he saw the cross beam down; that it was not caused
to fall as stated by appellee, but was knocked down by
one of the timbers which was projecting from the bed of
one of the cars some inches, and this, in the judgment

of the witness, was the cause of Lee's injury. This witness also testified that Lee could have saved himself from injury by spragging the wheels of the car which he failed to do. He says that it was Lee's duty to load the cars, and that he was present and saw him load the cars upon this occasion. Lee testified that he did not load the cars; that they were loaded and ready to be carried into the mine when he was directed by Hollars to hitch onto them; that they were properly loaded; that none of the timbers were projecting from the cars, and that if any were found in that condition after his injury, it was caused by the shake up in the wreck. There was also testimony by another witness, who was a laborer in the mine, to the effect that this cross beam was hanging the evening before the accident, and that he had noticed it several times during several days previous thereto.

The court instructed the jury upon appellee's theory of the case as stated in his petition, and there is no criticism of this instruction. The pleading, and testimony introduced upon the trial authorized it. The court gave, on behalf of appellant, an instruction on contributory negligence almost in the language of its pleading. Appellant asked an instruction to the effect that if the jury believed Lee loaded the car and left one end of a piece of the timber projecting and it struck one of the posts and caused the wreck of the cars and his injury, then they should find for appellant. The court refused to give this instruction and this is the main alleged error which appellant urges for a reversal of the case, and in support of this contention, it cites the case of L. & N. R. R. Co. v. King's Admr., 131 Ky., 347. In that case such an instruction was authorized for the reason "that it grouped all the facts constituting the defendant's defense of contributory negligence." A defense should be made in the pleading and testimony. There was no allegation in the answer that authorized the court in the trial of the case at bar, to give such an instruction. The instruction in behalf of appellee was based upon his petition in which he had made specific allegations, but no such allegations were contained in the answer upon which to base an instruction in behalf of appellant. The distinction is: Before a party can have an instruction presenting special facts showing contributory negligence, such facts must be pleaded, if they are shown to have occurred either be-

bore or after the injury; but, on the other hand, if the alleged contributory negligent acts occurred at the time of the injury, it is proper to base an instruction on them, although they are not pleaded. If the court had singled out the fact of the improper loading of the cars and based an instruction upon it, the instruction would have been erroneous for the reason that the testimony of appellant tended to show contributory negligence on the part of Lee, other than the improper loading of the cars. For instance, his failure to sprag the cars. As to this matter, however, Lee says he did not sprag the cars nor attempt to do so, as Hollars had told him not to, and as the entry was so narrow and the post so close to the track upon which his cars traveled it would have been dangerous for him to do so.

From what we have already said, it appears that the lower court did not err in failing to give a peremptory instruction in behalf of appellant, and that the verdict of the jury is not flagrantly against the evidence.

For these reasons, the judgment of the lower court is affirmed.