## Cincinnati, New Orleans & Texas Pacific Railway Co. v. Reed.

(Decided June 13, 1913.)

### Appeal from Lincoln Circuit Court.

1. Railroads—Action for Personal Injuries—Evidence.—The statement of a witness on cross examination that the engineer from his cab could see the crossing where the injury occurred, means

nothing more than one from the cab of the engine having an unobstructed view could have seen the crossing by the light of the engine's head light, and was not a contradiction of the engineer's statement that he could not see the crossing because of a curve, and was harmless from any view.

2. Instructions—Action for Personal Injuries—Evidence of Intoxication of Plaintiff—Submission of Issue.—While in an instruction defining ordinary care, evidence of plaintiff's intoxication at the time of the injury was not submitted to the jury, this phase of the matter was properly set forth in an instruction on contributory negligence, and the two instructions taken together fairly submitted these issues to the jury.

3. Railroads—Speed of Train—Negligence in Failing to Have Headlight or to Give Signals.—The right of recovery being based upon the negligence in failing to have a headlight, or to give the signals, the reference in the instruction to the speed of the train was not prejudicial.

4. Railroads—Action for Personal Injuries—Verdict—Evidence.—In an action against a railroad company for personal injuries, where the plaintiff's skull was fractured and a leg and arm broken, evidence examined and held that a verdict for $6,000 is sustained by the evidence.

JOHN GALVIN, J. W. ALCORN and K. S. ALCORN for appellant.

ROBERT HARDING, JOHN W. RAWLINGS, and EMMET PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

On the night of the 21st of October, 1911, shortly after dark, appellee while going south in a buggy on the Hustonville and Danville turnpike near a small village called Milledgevillle was struck by one of appellant's north bound freight trains at a grade crossing. His skull was fractured, one leg was broken and one arm broken. He brought this suit for damages, and recovered a judgment for $6,000, from which the company appeals.

Appellee was a resident of Casey County, and lived about twelve or fourteen miles from Junction City, and on the day in question drove from his home to Junction City in company with one Dr. Settles. They arrived at Junction City in the middle of the afternoon, and appellee remained there until nearly or about dark when he started to return home alone, and after going several miles was struck at the crossing near Milledgeville.

He sets out in his petition three forms of negligence:

(1) That the train was running at a dangerously high rate of speed.

(2)   That it was night time and the engine had no headlight burning.

(3)   That the statutory signals were not given as the train approached the crossing.

The answer of the defendant denied negligence in either of the respects named, and in a separate paragraph pleaded contributory negligence upon the part of appellee.

The first error complained of is that the court permitted the witness, Eph Caldwell, to state on cross-examination that the engineer from his cab could see the crossing in question, when the witness himself admitted that he had never made an observation from the cab at that point.   It is insisted that this was violative of the rule that a witness may not give opinion evidence concerning subject matter as to which he has made no observation.   This evidence seems to have been regarded as particularly harmful in view of the fact that the engineer had testified that it was impossible for him to see this crossing because of a curve in the track, and because his view was wholly obstructed by the boiler in front of him.

But an examination of the testimony of the witness, Caldwell, shows that he was only permitted to say that one having an unobstructed view from the cab could have seen the crossing.   His testimony on this point means nothing more than that one from the cab of the engine having an unobstructed view could have seen the crossing by the light from the engine's headlight.   His testimony was in no sense a contradiction of the engineer's statement, and was harmless from any view.

There was considerable evidence introduced tending to show that the appellee was intoxicated at the time of the accident, and it is urged for appellant that the court in its instruction defining ordinary care, ignored this evidence, and failed to require of appellee such care for his own safety as an ordinarily prudent person would have exercised under similar circumstances when sober; and refers to the cases of the City of Covington v. Lee, 28 R., 493; L. & N. v. Gardner, 140 Ky., 772.   Undoubtedly one who is intoxicated to such an extent as to render him incapable of exercising ordinary care for his own safety, will be deemed guilty of contributory negligence so as to defeat a recovery in such case; but this phase of the matter was fully and properly set forth in another instruction on the subject of contributory negligence, wherein the jury was told that if he was at the time so much under

the influence of liquor as that he was incapable of exercising, and did not exercise for his own safety that degree of care which would have been exercised by a sober and ordinarily prudent man under similar circumstances, he could not recover. The two instructions taken together fairly submitted these issues to the jury.

The evidence is that Milledgeville is a small village containing about one hundred and fifty (150) people, and about a mile south of it is another village, Moreland, of about the same size, and that the crossing in question is at the outskirts of Milledgeville on the south, and that there are some scattered houses along the route between the two towns; it is urged as ground of reversal that the court erred in referring in its instruction to the speed of the train, and erred in not defining what it meant by using the expression "high and dangerous rate of speed" in the first instruction.

It is true that the law only requires that the speed of trains be slackened upon their approach to crossings in or near populous cities and towns where the presence of persons on the track may be reasonably anticipated, and that this rule does not apply to ordinary country crossings. (L. & N. v. Molloy, 122 Ky., 219) ; but an analysis of the instruction given in this case discloses that while there was carelessly used in the opening part of it the expression that if "the train of the defendant company came to the crossing while plaintiff was crossing same at high and dangerous rate of speed," &c., yet in the latter part of the instruction the plaintiff's' right to a recovery is wholly predicated upon "the failure of the defendant to have a head-light on its engine * * * or because of the failure of the defendants to give reasonable warning * * * by ringing its engine bell, or sounding its engine whistle."

It would have been much better to have left out of the instruction any reference to the speed of the train, but as the right of recovery was wholly based upon the negligence in failing to have a headlight, or in failing to give the signals, we do not think it prejudicial in this case. It is clear from the whole record that the verdict was based upon the alleged negligence in one or the other of these respects; in fact the speed of the train was given no prominence whatever at any stage of the trial, and there was no evidence introduced by either party upon that subject except incidentally.

It is not the modern policy of the courts to seize upon careless expressions in instructions and grant new trials upon such grounds; in fact under the very terms of our Code of Practice, we are authorized to reverse judgments only where there has been an error prejudical to the sub-stantial rights of appellant.

Lastly it is said the verdict is flagrantly against the evidence, but this cannot be sustained. On each of the three vital issues in the case: (1) Whether the headlight was burning, (2) Whether the signals were given, (3) Whether the appellee was drunk, there was strong and convincing testimony introduced by each party. While the number of witnesses testifying for the parties on the three issues varied, and the preponderance may have been with the appellant on one or more of them, they were all fairly submitted to the jury, and we do not feel justified in disturbing the verdict.

On the whole case we see no substantial error to the prejudice of appellant.

Judgment affirmed.