## W. G. Duncan Coal Company v. Lock.

(Decided November 28, 1924.)

### Appeal from Muhlenberg Circuit Court.

1. **Master and Servant—Refusal to Direct Verdict on Theory Air Shaft Used with Master's Knowledge was Not Intended to be so Used Held Not Error.**—Where air shaft was with defendant's knowledge used as entrance to mine for more than three years, though not originally so intended, it was not error to refuse to direct verdict for defendant in action for injuries sustained in so using it, on theory that main entrance was in safe condition, and should have been used.

2. **Master and Servant—Safe Place Doctrine Applies to Places Customarily Used with Knowledge of Master.**—Rule relating to master's duty to furnish safe place applies as well to places customarily used with knowledge and consent of master as to those provided for use.

3. **Appeal and Error—Possible Error in Submitting Uncontradicted Issue Held Nonprejudicial.**—Where uncontradicted evidence established master's knowledge of and consent to employee's customary use of air shaft as entrance to mine, thus eliminating necessity of submitting issue of master's duty to keep it in reasonably safe condition, possible error in manner of submitting such issue was not prejudicial.

4. **Trial—Submission of Issue as to Master's Negligence Permitting Place to Become Unsafe Held Erroneous for Failure to Include**

Question of Employee's Knowledge.—Failure, in submitting issue whether master had negligently permitted air shaft used by employees as entrance to mine to become and remain in unsafe condition, to include question whether employee knew or could have known of its condition, if defective, held prejudicial error.

5. Master and Servant—Employee to Recover for Failure to Furnish Reasonably Safe Place Must Show Lack of Knowledge of Hazards.—Employee, to recover for master's negligent failure to exercise ordinary care to furnish reasonably safe place to work, must show he did not know or appreciate hazards incident to his use of place as furnished.

6. Damages—Evidence Held Sufficient to go to Jury on Issue of Permanent Impairment of Earning Capacity, and Warrant Instruction Permitting Recovery Thereof.—Evidence held sufficient to go to jury on question of permanent impairment of plaintiff's earning capacity, and warrant instruction on measure of damage which permitted recovery for permanent impairment, if any.

7. Master and Servant—Instruction as to Rule of Master Held Inapplicable to Facts.—In action for injuries to employee while using air shaft customarily used as entrance to mine, instruction, as to rule of mine against employees' use of abandoned parts of it, held inapplicable and improperly given.

EAVES & SANDIDGE for appellant.

WILKINS & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In this action for personal injuries, plaintiff recovered a judgment for $1,300.00, and the defendant appeals.

The chief controversy is as to whether or not defendant owed plaintiff the duty of maintaining in a reasonably safe condition an air shaft in which the accident occurred, and this depends upon his right to use the air shaft to enter the mine.

That this shaft, although equipped with ladders reaching from the surface to the mine level, a distance of 75 feet, was not constructed or originally intended for such use is shown by the defendant's evidence, but plaintiff proved without contradiction its daily use for that purpose for more than three years, with the knowledge and consent of defendant's foreman, by himself and from 25 to 30 other employees who lived near the top and worked at the bottom of the shaft.

It is therefore clear that the court did not err in refusing to direct a verdict for the defendant, even though

it was established without contradiction that the main entrance to the mine was in safe condition and that if used by plaintiff he would not have been injured, since it is well settled that the "safe place" doctrine applies as well to places customarily used with the knowledge and consent of the master as to those provided for such use. Nelson Creek Coal Co. v. Bransford, 189 Ky. 741, 225 S. W. 1070.

As it was established without contradiction that defendant knew of and consented to the customary use by plaintiff and other employees of the air shaft as an entrance to their places of work in the mine, the question of defendant's duty to maintain the air shaft in a reasonably safe condition for plaintiff's use in entering the mine need not have been submitted to the jury, and defendant was not prejudiced by the fact that in submitting that question the court neglected to inform the jury that such customary use must have been with the knowledge and acquiescence of the defendant.

It follows then, that the only question for the jury was whether or not defendant negligently permitted the air shaft to become and remain unsafe for use by plaintiffs in going to his work, and that the accident proximately resulted therefrom.

In submitting this question, the court told the jury that the defendant was liable if the place was not reasonably safe and defendant knew or reasonably could have known thereof, but wholly omitted any reference as to whether or not plaintiff knew or could have known of it. There was evidence from which it might be inferred that he knew it was in an unsafe condition, and this omission was not only erroneous but clearly prejudicial, as it is well settled that where the gravamen of the complaint is the failure to exercise ordinary care in furnishing a reasonably safe place in which to work, it is incumbent upon the injured servant to show that he did not know or appreciate the hazards incident to his use of the place where the accident occurred. Siler v. Payne, 194 Ky. 618, 240 S. W. 353.

There is also complaint of the instruction upon the measure of damage, in that it permits compensation for permanent impairment, if any, of plaintiff's ability to earn money. It is insisted that there was no evidence of any such impairment. With this we cannot agree. It was shown without contradiction that plaintiff's skull

was fractured, and while experts would not say positively that the injury was permanent, two of them stated that it is probably so, if, as otherwise proven, plaintiff's condition has become progressively worse rather than better since the accident.

It was shown that in a short time after the accident plaintiff's hearing became impaired, that later the vision of first one eye and then the other became affected, and still later his use and control of his left arm and leg became somewhat restricted, and under some of the expert evidence, these symptoms indicate permanent impairment of the brain coverings and nerve centers, and possibly progressive paralysis of the left arm, leg, and side.

Under such circumstances it was a question for the jury to decide whether or not there was permanent impairment of the ability to earn money directly resulting from the injury.

It also is insisted that there should be a reversal because the verdict is contrary to the court's fifth instrucion with reference to a mine rule offered in the evidence. As a reversal will be ordered for the reason already assigned, we need only say with reference to this instruction that it should not have been given, since the rule was in no way involved here. It refers to the use by plantiff and other employees of abandoned portions of the mine, and, as we have already seen, this air shaft in which the accident occurred was not only not an abandoned part of the mine, but was in daily use by plaintiff and a considerable part of his co-employees, with the knowledge and consent of the mine foreman.

Nor do we think it could possibly be held to cover such portions of the mine as were customarily used by these employees in going from the bottom of the air shaft to their respective places of work in the mine, but whether this be true or not is wholly immaterial, since the accident occurred in the air shaft and not in any of the rooms claimed to have been abandoned, and which connect the bottom of the air shaft with such places in the mine as were being actually mined at the time of the accident.

For the error indicated the judgment is reversed, and the cause remanded for another trial consistent herewith.