## Black Star Coal Company v. Slusher's Administrator.

(Decided November 11, 1927.)

Appeal frm Bell Circuit Court.

1. Negligence.—In administrator's action for negligent injury of his decedent, where the defense was interposed that at the time of decedent's injury he was intoxicated, the court should have instructed, when requested, that "ordinary care" means that degree of care which ordinarily prudent persons, if sober, usually exercise under same or similar circumstances to those proven in the case.

2. Appeal and Error.—In administrator's action for injury of his decedent by defendant coal company, where the defense was that the decedent was intoxicated at the time of his injury and thereby contributed to his injury, giving instruction relative to drunkenness of the deceased when injured held proper, although drunkenness had not at that time been found, since, if the jury should not find the decedent was intoxicated, the instruction could do no harm.

3. Negligence.—In administrator's action for injury to decedent by a coal company, where the defense was that the decedent was intoxicated at the time of his injury, and thereby contributed to injury, giving an instruction defining ordinary care under such circumstances of intoxication was proper, even though the defendant had asked no concrete instruction on drunkenness.

4. Negligence.—In administrator's action for injury to decedent by defendant coal company, giving instruction on intoxication as act of contributory negligence held proper, where contributory negligence was alleged, although acts were not pleaded.

LOW & BRYANT for appellant.

N. R. PATTERSON and DAVIS & HARRISON for appellee.

Opinion of the Court by Drury, Commissioner—Reversing.

On the first appeal of this case (see 217 Ky. 738, 290 S. W. 677), the judgment was reversed for error in the

instructions. Upon a retrial of the case, 10 of the jurors agreed upon a verdict eliminating the Louisville & Nashville Railroad Company from responsibility, but finding for Slusher's administrator a verdict for $10,000 against the Black Star Coal Company, and from the judgment entered thereon the Black Star Coal Company has prosecuted this appeal.

One of the grounds urged for reversal is that, as there was evidence showing that the deceased was intoxicated, the court erred in its definition of ordinary care. The coal company offered an instruction defining ordinary care, as used in the instruction given, which the court erroneously declined to give, and gave the ordinary definition. The court should, in lieu thereof, have said:

"Ordinary care, as used in these instructions, means that degree of care which ordinarily prudent persons, if sober, usually exercise under same or similar circumstances to those proven in this case."

See 29 Cyc. 534; 5 R. C. L. 58; 25 R. C. L. 1270; Illinois Cent. R. Co. v. Holland's Adm'r. 147 Ky. 699, 145 S. W. 389; Lousiville & N. R. Co. v. Howser's Adm'r, 201 Ky. 548, 257 S. W. 1010, 36 A. L. R. 327; Graham's Adm'r v. Illinois Cent. R. Co., 185 Ky. 370, 215 S. W. 60; Moran's Adm'r v. C. & O. Ry. Co., 176 Ky. 409, 195 S. W. 809; Cincinnati, N. O. & T. P. Ry. Co. v. Reed, 154 Ky. 380, 157 S. W. 721; So. Ry. Co. v. Sanders, 145 Ky. 679, 141 S. W. 77; Louisville & N. R. Co. v. Gardner's Adm'r, 140 Ky. 772, 131 S. W. 787; Louisville & N. R. Co. v. Cummins' Adm'r, 111 Ky. 333, 63 S. W. 594, 23 Ky. Law Rep. 681.

Counsel for Slusher's administrator make this admission in their brief:

"A drunken man has no right to go out and place himself in a position of danger, and then use his state of intoxication as an excuse for not observing the care ordinarily required of a sober person."

Still they have advanced three arguments against the giving of this instruction. First, they contend that proof is not sufficient to show that Slusher was intoxicated at the time of the accident. If the jury does not, from the evidence, believe that Slusher was intoxicated, then the instruction can do Slusher no harm; but if, from the evidence, the jury concludes Slusher was in

toxicated at the time, the coal company is entitled to have the jury given a proper definition of the care which Slusher had to exercise for his safety under the circumstances.

Their second argument is that the coal company had asked no concrete instruction on drunkenness, which is true; but the coal company had asked for an instruction defining ordinary care under such circumstances, and it was entitled to have that properly defined.

Their third argument advanced against giving this instruction is that there was no plea of drunkenness or intoxication in the answer, but merely a general plea of contributory negligence, and they cite the case of Jellico Mining Co. v. Lee, 151 Ky. 53, 151 S. W. 26, in support of their contention. There is a difference between contributory negligence and a contributory act, and this difference is well illustrated in the Lee case, in which the appellant had, in its answer, made a specific denial of the averments of the petition, and had alleged contributory negligence in general terms, but did not mention any particular act of Lee constituting such negligence. On the trial it asked for an instruction to the effect that, if the jury believed Lee loaded the car and left one end of a piece of the timber projecting, and it struck one of the posts and caused the wreck of the cars, and his injury, then they should find for the appellant. The court refused to give it, and in affirming that judgment we said:

"Before a party can have an instruction presenting special facts showing contributory negligence, such facts must be pleaded, if they are shown to have occurred either before or after the injury; but, on the other hand, if the alleged contributory negligent acts occurred at the time of the injury, it is proper to base an instruction on them, although they are not pleaded."

The defense in this case is not that Slusher's death was caused by his getting drunk, but that Slusher contributed to his death by failing to exercise ordinary care for his own safety, and, when the coal company adduced evidence that Slusher was drunk, it was entitled to have the jury told that Slusher could not, by reason of his intoxication, be excused from the exercise of that degree of care which men of ordinary prudence, when sober, usually exercise under the circumstances. We know

from observation that men accustomed, when sober, to the use of the most meticulous care, when drunk, will expose themselves to the most dangerous hazards, and under the proof in this case, the coal company was entitled to such a definition of ordinary care as would prevent the jury from excusing Slusher's negligence, if any, by his intoxication, if they believed he was drunk. Another ground urged for reversal is that the verdict is flagrantly against the weight of the evidence. We declined to express an opinion upon this same question on the former appeal, will not do so this time, and again this question is reserved.

The judgment is reversed, with directions to award the coal company a new trial consistent with this opinion.