## Black Star Coal Company v. Garland.

(Decided March 15, 1929.)

LEE & SNYDER for appellant.

G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Jesse Garland, who was the plaintiff below, brought this action against the Black Star Coal Company for damages for injuries alleged to have been received by him on the night of November 27, 1925, when he fell on what he claims were defective steps over a wire fence on the premises of appellant at its mine in Harlan county, Ky., and received a broken leg. He recovered a judgment for $1,000, from which the coal company has appealed.

As grounds for reversal it is urged that the court erred in overruling appellant's motion for a directed verdict and in giving instructions.

Garland was an employe of the coal company and occupied as a tenant a portion of one of the houses owned by it. The company owned a number of houses which were rented to its employes, and these houses were surrounded by a barbed-wire fence. The only means of ingress and egress were gates, which were usually kept locked, and steps over the fence. One set of steps was used by the employes in going to and from the mine. Another set of steps was constructed over the fence on the opposite side of the inclosure. It was on these last-mentioned steps that appellee was injured. His evidence tends to show that shortly after dark on November 27, 1925, he and Sam Jones left the inclosure by way of the steps for the purpose of procuring kindling, and that when they returned he stepped on a defective step, was thrown, and broke his leg. It seems there are six steps leading to a platform 3 feet in width over the fence. Each step is 3½ feet in length and is composed of seven strips of wood each one inch wide with a vacant space between the strips. The space between the steps is open. The outside strip on the alleged defective step was missing, leaving the tread of the step 7 inches in width instead of 9 inches. Appellee's foot slipped on the defective step, and his leg passed through the opening between that and the next lower step, throwing him head-first down the

steps and breaking his leg. Sam Jones and Dave Spivey had passed over the steps immediately in front of appellee, and, hearing him fall, they returned and found him hanging with his head down; his leg being caught in the open space between the steps. They took him to his home and later to a physician's office, where his leg was set. The accident occurred between 7 and 8 o'clock in the evening, and he arrived at the physician's office about 11 o'clock. When he arrived there he was intoxicated, but he claims that he had drunk no liquor on that day before the accident, but did take several drinks after the accident and before he went to the physician's office. The steps upon which appellee was injured were used by appellant's employes in going to and from their homes and were constructed and maintained by appellant for that purpose. Spivey testified that he had observed the defective step and that one of the strips was missing about three or four weeks before the accident occurred. Appellee testified that he did not know of the defective condition of the step and had not used the steps in the daytime for two or three weeks.

To justify a peremptory instruction in an action for negligence, it must appear that, admitting plaintiff's testimony and every inference therefrom, he has failed to support his cause of action. Here there was sufficient evidence tending to show negligence on the part of the defendant to authorize a submission of the case to the jury. There was some evidence tending to show that the steps were in an unsafe condition, and that this condition had existed for a sufficient length of time to have afforded opportunity for the defendant to discover the defect in the step and repair it. Whether or not the verdict of the jury is flagrantly against the weight of the evidence, we do not determine, since the judgment must be reversed for errors in the instructions and the evidence on another trial may be substantially different.

The instructions complained of are as follows:

1. "The court instructs the jury that it was the duty of the defendant company to exercise ordinary care to keep and maintain the steps mentioned in the evidence in a reasonably safe condition for the employes to pass over the same, and if you believe from the evidence that the defendant negligently and carelessly permitted said steps to become or remain in a dangerous and unsafe condition, and as a direct

and proximate result thereof the plaintiff was injured the law is for the plaintiff and you should so find. Unless you so believe you will find for the defendant.''

2. ''The court instructs the jury that it was the duty of the plaintiff in using the steps mentioned in the evidence to use ordinary care for his own safety, and if you shall believe from the evidence that he failed to exercise such care, or that he was himself negligent, and that his negligence contributed to his injury to such an extent that but for which he would not have been injured, the jury will find for the defendant.''

3. ''If you find for the plaintiff you will award him such a sum in damages as will fairly and reasonably compensate him for any mental and physical suffering which he has endured, if any, and for any permanent impairment of his power to earn money, if any, which you may believe from the evidence are the proximate result of his injuries, not exceeding in all the sum of $5,000.00, the amount claimed in the petition.''

4. ''Ordinary care is that degree of care which an ordinarily prudent person would exercise under like or similar circumstances, as shown in this case. The failure to exercise ordinary care is negligence.''

Instruction No. 1 is erroneous in that it authorizes the jury to find the defendant guilty of negligence if the strip had been removed from the step immediately before the accident occurred and before the defendant had an opportunity to discover the defective condition. The instruction also assumes that the admitted condition of the step rendered it dangerous and unsafe, when this was a question for the jury to determine, and there should have been incorporated in the instruction the qualification, ''if the jury believe from the evidence that the steps were unsafe or dangerous.'' This instruction should also submit to the jury the question as to whether or not the defendant knew, or by the exercise of reasonable care could have known, of the defective condition of the steps. The rule is thus stated in 16 R. C. L. 1042: ''The liability of a landlord for the failure to maintain the portions of his premises used in common reasonably safe is based on negligence, and it is generally held that to recover for injury received from their defective condition the burden

is on the tenant injured to show that the landlord knew of the defect or by the exercise of reasonable care would have known of it. Either knowledge of the defect must be shown or that it had been in an unsafe condition for such a length of time that the landlord should have known of it." Also, see, Richmond v. Standard Elkhorn Coal Co., 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423.

While the appellee testified that he was not intoxicated at the time the accident occurred, but that he did take several drinks thereafter, there is some evidence tending to show that he had been drinking before the accident. His two companions did not corroborate him as to the purpose for which he had left the inclosure and passed over the steps. It was a cold, dark night, and had been raining, and while Spivey and Jones admitted they were not looking for kindling, they failed to give any reason for leaving their homes and going up a hollow a distance of one-fourth of a mile, except that they were "just walking around." They admitted that they saw a number of persons up the hollow, and it is shown that the point they visited was frequented by bootleggers. Neither of these witnesses denied that appellee had been drinking, but contented themselves with saying that they had not seen him take a drink. As there was evidence tending to show that the appellee was intoxicated, the court erred in its definition of ordinary care. In lieu of the instruction given defining ordinary care, the court should have given an instruction similar to the one directed to be given in Black Star Coal Co. v. Slusher's Administrator, 221 Ky. 729, 299 S. W. 732. We find no error in the other instructions complained of.

Judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.