## Black Star Coal Company v. Garland.

(Decided June 10, 1930.)

J. B. SNYDER and H. H. FUSON for appellant.

G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Jessie Garland instituted an action against the Black Star Coal Company to recover damages for personal injuries. He recovered a judgment for $1,000, which was reversed by this court because of error in the instructions given to the jury. Black Star Coal Co. v. Garland, 228 Ky. 473, 15 S. W. (2d) 265, 266. It was held, however, that "there was sufficient evidence tending to show

negligence on the part of the defendant to authorize a submission of the case to the jury." A new trial resulted in a judgment for $1,500 in favor of the plaintiff, and the defendant again appeals. The material facts are delineated in the opinion on the previous appeal, and we proceed to discuss and dispose of the various reasons for reversal urged upon the present appeal.

1. An amended answer was tendered by the appellant, but the court refused to file it. The new pleading was in three paragraphs. The first paragraph contained a traverse of the averments in plaintiff's pleadings. No harm came from refusal to receive the denials, since the allegations of plaintiff's pleadings were treated as traversed of record. The amended answer added nothing on that score. The second paragraph of the tendered answer pleaded that both parties to the action had duly accepted the provisions of the Workmen's Compensation Law, and that the relation of employer and employee was existing at the time of the injury. The failure of the pleadings to allege that the injuries complained of "arose out of and in the course of the employment" was a fatal defect. Section 4882, Ky. Stats.; Stearns C. & L. Co. v. Smith, 231 Ky. 269, 21 S. W. (2d) 277. The liability asserted against the defendant in this case did not arise out of the relationship of master and servant, and was not an injury compensable under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S. W. (2d) 117. The defendant's liability, as noted in appellant's brief, was predicated upon its negligence as a landlord in failing to exercise proper care to maintain for the common use of its tenants the steps over the wire fence. It was immaterial in this case whether the parties sustained some other relationship, or were in some other situation governed by the Workmen's Compensation Law. The third paragraph of the amended answer invoked the statute of limitations on the ground that the action was barred when the amended petition was filed. The original petition was filed in time, and the amendment merely perfected the statement of the plaintiff's case. It set up no new cause of action, and was not affected by the statute of limitations. Middlesboro Home Telephone Co. v. L. & N. R. Co., 214 Ky. 822, 284 S. W. 104; New York Cent. & H. R. R. Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 67 L. Ed. 294. Indeed, the able counsel for appellant candidly concede as much when they state in brief: "In deference

to the rulings of this court we will say that our plea of limitation may not have been good, but we interposed it chiefly to call the court's attention to laches and negligence on the part of the plaintiff to combat what he might say about the delay of defendant in offering its answer." It is plain, therefore, that no error prejudicial to appellant was involved in rejecting its amended answer.

2. Appellant argues that plaintiff's proof was insufficient to justify submission of the case to the jury, and that a peremptory instruction duly demanded by it should have been granted. The carefully prepared argument develops two grounds for the claim; first that no negligence of appellant was shown, and then that the contributory negligence of plaintiff was established as a matter of law. The contention was advanced when the case was considered before, and the court concluded that the evidence was adequate to require determination of the ultimate facts by the jury. That opinion constitutes the law of the case, binding on the appellate, as well as the trial court, unless the facts on the new trial were materially different. L. & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174; Wilson v. Caughlin, 187 Ky. 221, 218 S. W. 1010. We have compared the facts found in the two transcripts, and while differences in some details may be discovered, the evidence as a whole on each trial is substantially the same. The defense is developed more clearly, and the plaintiff's version of the happening is more cogently contradicted in the last record, but the essential elements of the controversy remain the same. The evidence was in sharp conflict, and the jury was the proper tribunal to try the issues both of negligence and contributory negligence upon which the result necessarily hinged. It is not a situation where either the plaintiff's case, or the defense interposed, was established as a matter of law, but one where the conflicting tendencies of the testimony had to be resolved by the jury. The facts shown do not justify a departure from the law of the case announced on the other appeal. Vincennes Bridge Co. v. Poulos (Ky.) 27 S. W. (2d) 952, decided May 6th, 1930.

3. The instructions to be given were indicated in the former opinion, and it is now contended that the new instructions failed to correct the defects pointed out in the old ones. The criticisms relate to an assumed failure of the trial court to submit to the jury in the first instruction whether the steps were unsafe and dangerous, and

that an omission respecting the use of the steps, and time for the repair of defects, left the directions to the jury vague and indefinite. The instruction conforms to the former opinion and the complaints of it are wholly without substance. The instruction submitted to the jury to find from the evidence (1) whether defendant failed to exercise ordinary care to maintain the steps in a reasonably safe condition for the purpose for which they were used, and (2) whether the steps, as a result of any' failure so to do, became unsafe or dangerous, and (3) whether the defendant knew, or by the exercise of reasonable care could have known, of the unsafe or dangerous condition of the steps in time to have repaired them, and (4) whether as a direct and proximate result of such failure on the part of defendant, if any there was, the plaintiff was injured, and conditioned the right to recover upon a finding against defendant on all of the points embraced in the submission. The steps were used only for the purpose of crossing the fence, and the jury could not have been misled by a failure to specify that use. There was no controversy upon that particular point, and no claim that plaintiff was using the steps for any purpose other than to cross the fence. The express condition that the defendant must have known, or carelessly failed to know, of the unsafe or dangerous character of the steps, if any, in time to have remedied the defects, could be construed only as referring to the occasion of the accident as the time before which the knowledge must have been gained. It would be absurd to say that the jury could have understood otherwise when there is no other possible time to which it could have reference. The finding of the jury established that the defendant knew or could have known by the exercise of the care required of it, of the unsafe condition in time to have repaired it before the plaintiff got hurt. No request was made for any extension or modification of the instruction, which confirms the conclusion that none was needed. The general request, in a civil case, that the court instruct the jury upon the whole law of the case, is not sufficient to require any particular direction, and affords no basis for a complaint upon an appeal. Chas. Taylor Sons Co. v. Hunt, 163 Ky. 120, 173 S. W. 333; Peak v. Arnett, 233 Ky. 756, 26 S. W. (2d) 1035.

4. It is contended that the plaintiff knew of the defects in the steps, and for that reason was precluded

from recovery for injuries sustained in using them. W. G. Duncan Coal Co. v. Lock, 205 Ky. 747, 266 S. W. 640. The steps were provided as a way for the use of the tenants and others having occasion to pass over them, and the duty to exercise ordinary care to maintain the way in a reasonably safe condition was imposed by law upon the landlord. In using the steps the plaintiff was under duty to exercise ordinary care for his own safety, but whether he did so, under the circumstances, and with the knowledge he had, or with which he was chargeable from his opportunities to ascertain, was a question for the jury. Padgett v. Brangan, 228 Ky. 440, 15 S. W. (2d) 277; City of Ashland v. Boggs, 161 Ky. 728, 171 S. W. 461, Ann. Cas. 1916B 1005. This question was presented on the former appeal, and consequently is concluded by the application of the "law of the case." Myers v. Fayette National Bank, 221 Ky. 186, 298 S. W. 378; Sowders v. Coleman, 223 Ky. 633, 4 S. W. (2d) 731; Johnson v. Edwards, 230 Ky. 485, 20 S. W. (2d) 76.

The judgment is affirmed.