## Nashville, Chattanooga & St. Louis Railroad Company et al. v. Nall.

(Decided December 16, 1930.)

NUNN & WALLER for appellants.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

There was a collision between an automobile driven by the appellee, Nall, and a train of cars operated by the appellant in the city of Paducah at the crossing on Eleventh and Norton streets. The accident happened on a dark, rainy January evening at about the hour of 7 o'clock. The railroad track is on Norton street, and appellee was approaching on Eleventh street. The rail-

road track crosses Eleventh street at the street level or at grade. Appellee resided about three blocks from the crossing and was familiar with it, as he crossed it frequently both day and night. The railroad track runs from the Union Passenger Station to the roundhouse of appellant. The train of cars was not a scheduled train. Appellee claims that as he approached the track, he stopped, looked, and listened and saw no light on the train of cars which was backing across the track and he heard no signal of any kind. When he drove onto the track, so he testified, he was struck by the train, rendered unconscious, and his automobile was pushed down the track with him in it, or under it, for about 100 feet.

The trainmen testified that the train was on the crossing and that Nall ran his automobile into the train while it was passing the crossing. They testified positively that the engine bell was ringing. Nall approached the crossing, so he said, at a speed no greater than ten miles an hour, while the trainmen said they saw him approaching at a speed of about twenty miles an hour. They were proceeding with their train no more than four or five miles an hour, and when they saw him approaching they waived their lantern at him and called to him to stop.

It is insisted by counsel for appellant that there was no evidence of negligence on its part. In this they are mistaken. Appellant testified that he looked for a train and he did not see it, and he saw no light and heard no bell or other sound to warn him of the approach of the train. Mr. Broadway, who lived near by, heard the impact and went out. He saw no light other than the light of the automobile as it was pushed down the railroad track.

The duty of operators of a railroad train approaching a crossing at night is well defined in the case of Louisville & N. R. Co. v. Gardner's Adm'r, 140 Ky. 772, 131 S. W. 787, and the duty of the one approaching the crossing is well defined in the case of Illinois Cent. Railroad Co. v. Outland's Adm'x, 160 Ky. 714, 170 S. W. 48. If the evidence in this case showed that the railroad trainmen failed in the performance of the duties so defined, negligence was established, and if the evidence produced by the appellant tended to establish contributory negligence on the part of the appellee, the case was one for the jury as was held in the case of Chesapeake & O. Railway Co. v. Salyers, 187 Ky. 144, 218 S. W. 474.

It is insisted by counsel for appellant that under the authority of the case of Louisville & N. R. Co. v. Curtis, 233 Ky. 276, 25 S. W. (2d) 398, and the case of Nashville, C. & St. L. Railway Co. v. Byars, 233 Ky. 309, 25 S. W. (2d) 733, it was entitled to a peremptory instruction because it is established that if appellee had done the things which he testified that he did at the time he approached the crossing he would have seen, or heard, the approach of the train. This argument overlooks the fact that it was dark and rainy. It is true there was a street light at the intersection and the street was about 40 feet wide, but it is not shown that the street light would have enabled the appellee to see the train if the train in fact had no lights on it. It is true, as was held in the Byars case, supra, that the one seeking recovery for injuries received at a crossing in a collision caused by the presence of an automobile on the tracks cannot recover unless he is free from contributory negligence, but if the evidence of appellee in this case is true he performed all the duties imposed upon him. He stopped, he looked, he listened, and hearing and seeing nothing, he drove on the track. He did more than was required of him in the discharge of his duties if he did all that he testified that he did.

It is insisted that the jury should not have been allowed in this case to rest a verdict on testimony at variance with well-established and generally understood physical and mechanical laws. This doctrine was recently approved in the case of Commonwealth Life Insurance Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985, 66 A. L. R. 1526. But we do not have such a case before us. The testimony of Nall that he did not see the train in the darkness is not at variance with any established physical or mechanical law. It is only upon the theory advanced by appellant that such a rule could be applied in this case; that is, that the bell was ringing and lights were shining on the approaching train. Nall makes out a different state of facts. We must conclude that there was evidence of negligence, and that question and the question of contributory negligence were for the jury. No other questions are raised on brief of appellant.

Judgment affirmed.