## Schang v. Alamo Theater Corporation.

(Decided March 22, 1938.)

HUGGINS & HOGAN for appellant.

DAVIS, BOEHL, VISER & MARCUS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

On November 5, 1934, Lawrence Schang filed suit against the appellee for damages for personal injury sustained on June 25, 1934, when a seat in the defendant's theater broke because of its negligence. A demurrer to the petition was sustained. No steps were taken in the case until March 28, 1936, when the plaintiff filed what is styled "amended, reformed and substituted petition." The defendant's answer consisted of a traverse, plea of contributory negligence, and a plea of the 1-year statute of limitation. The plaintiff's motion to strike the paragraph pleading limitations was overruled. Thereupon he filed an amended petition. This reiterated the allegations of the original petition, with the additional averment that the defendant knew or could have known by the exercise of ordinary care of the defective seat and that he, the plaintiff, did not have such knowledge. The defendant's motion to strike this pleading and the amended, reformed and substituted petition was overruled. The plaintiff's motion to strike the paragraph of the answer pleading limitations and a demurrer to it was also overruled. He declined to plead further since the effect of the ruling was to adjudge that his cause of action was barred by limitations. His suit was accordingly dismissed. He appeals.

The plea of limitations was based upon the ground that the amended, reformed and substituted petition was in effect a new suit, filed 1 year and 9 months after the alleged injury was sustained. If that were the correct construction of the pleading the order is correct, but we do not so construe the instrument. It was neither a departure nor a new suit. It was but a copy of the original petition with the additional allegations of the defendant's knowledge and plaintiff's ignorance of the defective seat. It seems apparent that the word "substitute" was used in the sense of indicating that the pleading was complete in itself and there was no necessity of reading or considering the original petition independently of the amendment. Under such an interpretation, the ruling of the court was erroneous. The

plea of limitations should have been stricken or put out on demurrer. Black Star Coal Company v. Garland, 235 Ky. 204, 30 S. W. (2d) 900; Shelton Taxi Company v. Bowling, 244 Ky. 817, 51 S. W. (2d) 468, 469.

Judgment reversed.