CASE 66—ACTION FOR DEATH—OCTOBER 15.

# Lexington & Carter County Mining Co. v. Stephens' Administrator.

### APPEAL FROM CARTER CIRCUIT COURT,

1. ACCIDENT RESULTING IN DEATH—NOXIOUS GASES.—The defendant mining company was required both at common law and under the statute to use care to prevent the accumulation of poisonous gases in its mines, and where the proof conduced to show that it failed to do so and one of its employes was injured by the failure, it was liable for the injury.

2. ACTION UNDER THE STATUTE—PLAINTIFF'S IGNORANCE OF DANGER NEED NOT BE SHOWN.—In an action for damages resulting in death, it is not necessary for the plaintiff to show the decedent's ignorance of the danger; knowledge on the decedent's part is matter of defense.

3. MISCONDUCT OF COUSEL IN ARGUING CASE.—While it is the duty of trial courts to be prompt and firm in compelling attorneys to pursue the proper line of argument in addressing the jury and especially so in closing the case, the Court of Appeals will not reverse for misconduct of attorney where no injury results.

E. B. WILHOIT AND RICHARDS, BASKIN & RONALD FOR APPELLANT.

1. The fifth instruction given by the court was erroneous in failing to submit to the jury the question whether the death of the plaintiff's intestate was caused by the poisonous air, and (2) because the instruction did not let the jury understand that the burden of proof was upon the plaintiff to show affirmatively that the decedent did not know or could not by the exercise of reasonable care know the condition of the mines. Bogenschutz v. Smith, 84 Ky., 330.

2. The defendant's motion for a peremptory instruction should have been sustained. Sullivan v. Bridge Co., 9 Bush, 81.

3. Stephens assumed the risk of a hazardous employment and was as familiar with the danger as the appellant. Bailey on Mas-

ter's Liability for Injury to Servants, and citations; Gulf C. & F. Ry. Co. v. Jackson, 65 Fed. R., 48.

4. It is more than probable from the evidence that Stephens was suffocated by powder smoke, and not by gases of the mine. If the injury may have resulted from any one of two or more causes, there is no presumption in favor of the plaintiff that it resulted from the cause fixing the liability of the defendant. Hughes v. Cincinnati, &c., R. R. Co., 91 Ky., 526.

5. The proof does not show the cause of Stephens' death. Before his administrator can recover, he must show that the death was a result of a cause over which the defendant had control. Johnson's Admr. v. E. T., V. & G. Ry. Co., 17 Ky. Law Rep., 67; Kelly v. The Barber Asphalt Co., 93 Ky., 363; 14 Ky. Law Rep., 356.

6. Instruction number two is erroneous, because it assumes as a matter of law that the failure of the defendant to ventilate was actionable without modifying it by the further idea that he may have defeated his own right of recovery by contributory negligence.

7. Instruction number four should not have been given, because it is in conflict with the practice laid down in Hughes v. Cincinnati, &c., Ry. Co., *supra*, in that it left the jury to speculate or guess to what cause the death was attributable.

8. The court should have defined contributory negligence.

9. Counsel for the appellant was guilty of gross misconduct, in that he was permitted over the objection of defendant's counsel to state that instruction number four was not a qualification of instructions two and three. And further, in misleading the jury into believing that defendant's counsel and not the court was responsible for the phraseology of the instructions.

JAS. ANDREW SCOTT FOR APPELLANT.        (R. C. BURNS AND FRANK PRATER, OF COUNSEL.)

1. The liability of the defendant is fixed both by statute (Ky. St., sec. 2731; Genl. St., 267, ed. of '87, Acts '84 and '88); and at common law. A., C. & I. R. R. Co. v. Wallace, 101 Ky., 626; s. c. 19 Ky. Law Rep., 849; Ky. Central R. R. Co. v. Smith, 93 Ky., 449; 14 Ky. Law Rep., 455.

2. Upon the questions of fact, counsel cited Enc. Brit., vol. 16, p. 459, title "Mining;" Same, vol. 6, p. 72, title "Coal;" Enc. of Prac. of Medicine, ch. 6, pp. 456-7.

3. It was not necessary to prove that plaintiff's intestate did not

know the dangerous condition. Judd's Admx. v. C. & O. R. R. Co., 18 Ky. Law Rep., 747.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted by W. H. Stephens, administrator of W. M. Stephens, against the appellant, seeking to recover $30,000 for the death of said decedent. It is substantially alleged in the petition that on the ——— day of October, 1894, the decedent, while engaged, under the employment of the appellant as a hand digging coal, where he had a right to be, upon and in the mine of appellant, and at its special instance and request, which rendered it necessary for him to be there in defendant's mine, and while actually engaged in digging coal for defendant company, was overcome by foul air and noxious gases, thereby dying from the effects of said poisonous air; that decedent's death was caused solely by the negligence of said appellant, its agents and servants, which dangerous condition of said place where decedent lost his life was known, or by the exercise of ordinary care ought to or could have been known, by appellant, but was not known by decedent, and could not have been known to him by the exercise of ordinary care, in time to have prevented his death; that, in the mine where decedent worked and was killed, the defendant had for weeks before allowed bad air to accumulate at the place where decedent worked, and to become and remain without ventilation, so as to make same unsafe and dangerous, all of which was known to defendant, or could have been known to it by the exercise of ordinary care and diligence, in time to have prevented the death of decedent, but was unknown to the decedent, and could not have been known to him, in time to have saved his life; that decedent's death was caused by the negligence of the appellant in permitting its said mine to

become out of repair, and not ventilated, and by retaining. in its employment incompetent agents and servants. The first paragraph of defendant's answer is a traverse of all the averments as to negligence upon its part. The second paragraph of the answer in substance charges that decedent's death was the result of his own actions in returning to the place where he was at work too soon after blasting, and that he had been warned that it was dangerous to return before the smoke had properly cleared away, and charges that his death was due to his own act of carelessness or negligence, or from heart failure or other organic disease, aided by the inhalation of said powder smoke. One or the other is true, but it does not know which. The plaintiff, in an amended petition, set out more specifically and clearly the negligence of the defendant. After the issues were fully made up, a trial resulted in a verdict and judgment in favor of the plaintiff for $5,000; and, appellant's motion for a new trial. having been overruled, it prosecutes this appeal.

The grounds relied on for a new trial are as follows: (1) The court erred to defendant's prejudice in admitting and permitting incompetent, irrelevant, and misleading evidence to go to the jury; and in permitting the evidence of the plaintiff, W. H. Stephens, Cora Stephens, and A. T. Henderson, to go to the jury. (2) The court erred in admitting and permitting the evidence of numerous witnesses giving opinions as experts, and regarding condition of defendant's coal entries and mines, which was and is incompetent, irrelevant, and misleading. (3) The court erred in refusing and overruling defendant's motion, at the close of all the evidence offered by plaintiff, to direct the jury to find for the defendant, to which defendant excepted at the time. (4) The court erred to the prejudice

of the defendant in giving to the jury, over defendant's objections, instructions Nos. 1 and 2, and in refusing to give, on defendant's motion, instructions Nos. 1, 2, 3 and 4 to the jury. (5) The court erred in overruling defendant's motion, at the close of all the testimony in the action, to instruct the jury to find for the defendant upon the whole case. (6) Because the court erred to the prejudice of the substantial rights of the defendant in permitting plaintiff's attorney, in closing the argument to the jury, to arraign, criticise, and denounce instruction No. 4, given by the court to the jury over defendant's objection, and in refusing to exclude that portion of said counsel's language and argument from the jury, or direct the jury that in their retirement they should consider all the instructions submitted to them as a whole. (7) The verdict of the jury is not authorized or upheld by the evidence, and is against the weight of the evidence, and was the result of passion or prejudice. (8) The verdict of the jury is against the law and the evidence.

We are inclined to the opinion that some of the testimony admitted both for plaintiff and defendant was incompetent; but we are, however, of the opinion that such testimony did not prejudice the substantial rights of either party. It therefore results that the first ground relied on in the motion for a new trial is not well taken; and the same may be said as to the second ground relied on.

The third ground relied on is error of the court in overruling defendant's motion to direct the jury to find for the defendant. It seems clear to us that there was evidence conducing to show that the death of decedent was the result of poisonous or noxious air or gases, which had accumulated in that part of the mine in which he was at work.

The fourth ground is error of the court as to instructions. It seems to us that the instructions given were quite as favorable to the appellant as it was entitled to; and we are further of the opinion that no error to the prejudice of the appellant was committed in refusing the instructions asked by it.

The sixth ground complains of the remarks of the plaintiff's attorney. It, however, seems to us, that, in view of the ruling of the court as to the remarks complained of, no injury resulted to the appellant in respect thereto. It may be, however, remarked, that circuit courts should be prompt and firm in compelling attorneys to pursue the proper line of argument in addressing the jury, and especially so in closing the case.

As to the seventh ground relied on, we think there was sufficient evidence to support the verdict of the jury, and nothing to indicate that the verdict was the result of passion or prejudice. Therefore the verdict of the jury is not, in our opinion, against the law and evidence. It may be conceded that the evidence introduced is somewhat conflicting; but it was the peculiar province of the jury to weigh and determine as to the weight of the evidence, and to ascertain the truth of the matter. It seems clear to us that there was proof conducing to show that appellant did not use the care to prevent the accumulation of poisonous or noxious gases which, both at common law and under the statute, it was required to do.

It is, however, insisted for appellant, that there was no proof introduced conducing to show that the decedent was not aware of the danger, or that he could not have ascertained the danger by the use of ordinary care and diligence; and it is insisted that, in the absence of such proof, the verdict of the jury was unauthorized; and we are re-

ferred to Bogenschutz v. Smith, 84 Ky., 342, [1 S. W. 578], as well as other authorities, in support of this contention. It may be said that, in all cases where a servant is suing an employer to recover for injuries sustained by reason of the negligence of the employer, it is incumbent upon the plaintiff to aver and show that he was not aware of the danger, and that he could not with ordinary diligence have known of the danger or risk that he was incurring in time to have prevented the injury. But it must also be remembered that a recovery in such cases is authorized by the common law, and that at common law no recovery can be had for injuries resulting in the immediate death of the person injured. The right to recover in case of death is authorized by the Constitution and statutes enacted by the Legislature, which give an absolute right to recover where death ensues from the negligence or wrongful act of the defendant; and it will be observed that the statute makes no reference to the knowledge or contributory negligence of the decedent; and, while it may be true that the administrator or heir would not be allowed to recover in a case where the decedent had knowledge of the danger or risk he was about to incur, yet such negligence is matter of defense, and, to be made available, must be pleaded and proved by the defendant. Any other construction of the law would, in effect, make it a dead letter, for the reason that, the injured party being dead, it would be impossible to prove that he was not aware of the danger, or that he could not with reasonable diligence have ascertained the danger. We have carefully examined this record, and perceive no error in it prejudicial to the substantial rights of the appellant. Judgment affirmed.