# Louisville & Nashville Railroad Company v. Greenwell's Administrator.

(Decided November 18, 1913).

## Appeal from Bullitt Circuit Court.

1. Railroads—Action for Death of Brakeman—Pleading—Negligence. —In an action against a railroad company for the death of a brakeman, upon the reversal of a judgment for the plaintiff, he filed three amended petitions setting up alternatively that decedent was thrown from the car either by the careless operation of the train, or by reason of the dangerous and defective condition of the car and equipments thereto attached. Held, a litigant may set up as many different acts of negligence on which a cause of action is based as he feels his case warrants. The acts set up in the amended petitions are not inconsistent and are both germane to the cause of action.

2. Railroads—Action Against for Death of Brakeman—Filing of Amended Petitions—Limitation.—While the amended petitions were not offered until almost four years after the accident happened, the cause of action is for the death of decedent occasioned by the negligence and wrongful act of appellant. The amendments and original petition set up different acts of negligence, but related to the same wrongful act and cause of action. The amended petition did not set up a new claim or a different cause of action.

3. Railroads—Question for Jury.—Whether appellant furnished decedent with a reasonably safe car, and reasonably safe appliances with which to discharge his duties as a switchman, is a question for the jury, and there was sufficient evidence to authorize its submission.

4 Trial—Exclusion of Evidence—Opinion of Court as to Sufficiency. —The trial court should exclude incompetent testimony, but there is no reason why evidence competent under the pleadings should be excluded merely because in the opinion of the court it is not sufficient to sustain a verdict.

5. Negligence—Death Resulting From—Pleading.—In an action to recover for death under section 6, Kentucky Statutes, it is unnecessary to allege that decedent did not know of the danger or defect; knowledge on decedent's part is a matter of defense.

CHARLES CARROLL, BENJAMIN D. WARFIELD for appellant.

CHAPEZE & CRAWFORD, J. F. COMBS and J. R. ZIMMERMAN for appellee.

Opinion of the Court by Judge Nunn—Affirming.

We have this case before us for the third time. Judgments for appellee have been twice reversed as will be seen by reference to 144 Ky., 796, and 125 S. W., 1054.

Without attempting a history of this litigation, as it is completely set forth in the reports of former appeals, it will suffice to say that the action was brought to recover for the death of Thomas Greenwell who was acting in the capacity of brakeman, and fell from a cut of cars that were being pushed by an engine into switch number four in appellant's South Louisville yards. He fell in front of the cars and was run over and killed.

The negligence of appellant complained of in the original petition was the unusual and unnecessary jerking of the train by which Greenwell was thrown from the car and killed. In both opinions, this court reversed the judgments of the lower court because it was held in these trials that the evidence showed no negligence upon the part of appellant, and that the only movement of the train was the ordinary jerking and bumping of the cars, and that from the very necessity of the case, these movements of cars must always be accompanied by more or less jerking and bumping, and that those who accept employment as switchmen and brakemen, and whose duty requires them to be on and about the cars, being fully advised as to the risks incident to their employment, must be held to have assumed them. For these reasons it was adjudged that the lower court should have peremptorily instructed the jury to find for the appellant. Upon the return of the case the second time, appellee filed amended petitions in which he sets up alternatively that decedent was thrown from the car, either from the careless operation of the train as set out in the original petition, or else "by reason of the dangerous and defective condition of said car and equipments thereto attached," and which condition was not known to decedent, but was, or could by the exercise of ordinary care have been known by the defendant, and that said dangerous and defective condition of the car caused and brought about the death of decedent, or was a concurrent cause thereof. These amended petitions were not offered until almost four years after the accident happened. The lower court overruled appellant's objections to the filing of these amendments, and sustained its demurrer to the plea of one year statute of limitation, and the jury returned a

verdict for $7,544.00 in favor of appellee. Appellant contends that the court erred in permitting plaintiff to file these amended petitions, and in sustaining demurrer to its plea of limitation thereto.

A litigant may set up as many different acts of negligence on which a cause of action is based as he feels his case warrants, and it would scarcely be contended that had both these acts of alleged negligence been set up in the original petition, that a valid objection could have been raised to that form of pleading. They are not inconsistent and are both germane to the cause of action. In the case of Ford v. Providence Coal Co., 124 Ky., 517, this court held:

"The acts of negligence set out in the original and in the amended pleadings are not inconsistent, and might have been embraced in one pleading, as the pleader has the right to state as many acts of negligence growing out of the same transaction as the facts warrant, and if either of them is sustained by evidence, a recovery may be had."

Appellant insists, however, that these amended petitions set up an entirely different cause of action from that of the original petition, and that the amendment to it not having been filed for more than a year after the cause accrued, it came too late, and was, therefore, barred by the statute of limitation.

The effect of amendment on the running of statute of limitation is stated in section 613 of Newman's Pleading and Practice:

"When an amendment to the petition is allowed and filed, if it introduce a new claim, or a different cause of action not before asserted, the defendant has a right to insist upon the statute of limitation until the time that the new claim is presented. If, however, the amendment is made only to perfect or complete a cause of action already set out defectively, it ordinarily relates back to the commencement of the action, which is the issuing of the first summons in good faith, and creates a *lis pendens* from that period as between the parties to the action."

To apply this rule it will be necessary to ask and answer questions as to whether the amendments introduced a "new claim or a different cause of action not before asserted."

Clearly the cause of action is for the death of Thomas Greenwell occasioned by the negligence and wrongful

act of appellant, its agents and employes. The amend-
ments and the original petition set up different acts of
negligence which occasioned the death, but related to
the same cause of action. This is not a new
question in Kentucky. In the case of Smith v.
Bogenschultz, 14 Ky. L. R., 306, the same point was in-
volved. The plaintiff was injured by molten iron poured
upon him from the ladle of a co-laborer, and the origi-
nal action was predicated upon the theory that the de-
fendant negligently provided a passway for these
laborers carrying molten metal so narrow as to render
it quite dangerous for them to pass each other
thereupon. A verdict for plaintiff was reversed, and
the case remanded (84 Ky., 330.) An amendment was
then offered to be filed in which it was alleged that the
ladle from which the metal was spilled upon him was
not properly prepared, or baked, or dried for use, and
was not safe, and was unfit and dangerous for use, and
that this defective ladle was the cause of his injury.
When this amendment was offered, more than one year
had elapsed from the time the injury was inflicted. The
lower court struck from the amended petition all that
part of it relative to the defective ladle, and confined
plaintiff to the issue as made on the first trial. This
ruling of the lower court was on the theory that the
amendment presented a different cause of action, and
was, therefore, barred by limitation. This court dis-
approved that ruling and said:

"The injury to the plaintiff was caused by the spill-
ing or the boiling over of this molten iron in the ladle
in which it was being carried, and the allegation that
the overflow of the liquid was caused by the narrowness
of the passway, bringing the workmen too close together
in carrying it, if untrue or was not the real cause of the
injury, did not estop the plaintiff from alleging that
this overflow was produced from a different cause, nor
did it change the character of the action. It is at least
the same cause of action, viz.: The injury to the plain-
tiff by the overflow of this liquid.

"If the plaintiff had been injured by a defect in a
particular part of the machinery connected with this
foundry, a fact known to the defendant, the averment as
to the cause of the defect or the character of the negli-
gence would not preclude the plaintiff from alleging that
the defect in the machinery was to be attributed to an-
other cause than that alleged, or that the negligence of

the defendant with reference to that particular machinery was different from that alleged. It is but one cause of action.

"The objection to the amendment seems to have proceeded on the idea that the one year statute of limitation as to personal injuries barred the recovery on the amended petition. This would be so if it presented a different cause of action.

"Here the liquid boiled or overflowed the ladle; this is the injury. What caused this boiling over is the inquiry to be made. If it was spilled by the neglect of the co-laborer or the one jostling the other, then, under the proof, the non-suit was proper. If caused by a defective ladle, the defect being unknown to the plaintiff and known to the defendant or his superintendent, or should have been known by the exercise of ordinary care, then the right of recovery exists." (14 Ky. L. R., 306.)

In the case at bar the inquiry was whether the death of Greenwell was due to appellant's negligence. His death was the cause of action. If it was due to the negligence of appellant, there may have been sole or concurrent causes, and the plaintiff might allege and rely upon any, or as many of them as he cared to in his original action, and the court may in its discretion permit the plaintiff to plead by amendment any acts of negligence relating and contributing to the cause of action, that is, the injury complained of, and previously set forth. In our opinion the amended petition did not set up a new claim or a different cause of action.

Appellant insists that there was no evidence that the car upon which he was riding was defective, and that, therefore, the court should have directed the jury to find for the defendant. C., H. & D. car No. 12,439 on the front end of the cut of cars from which appellee fell, ran over decedent on the 10th day of June, 1908. W. M. Morris testified that he was working in appellant's repair shops, and that on the day before, this car was sent to the shop for certain repairs, and that he and his partner, Carter, examined the car, and did some repair work upon it, but that he did nothing in the way of repairing the brake chain, although he examined it with Carter, and he says:

"The brake chain did not look good to him and was rusty, and that the little eye-bolt looked very rusty; that the eye-bolt goes through the brake-staff and is fastened with a nut on the other side; the nut looked like it was

rusty and very bad, like it had been there a long time; and the little key was all rusty and looked like it was glued where it had been eaten up with rust like. I made the remark to my partner, we ought to put another chain there, oughtn't we? He said, Let her go."

Morris also testified that Carter, his partner, was his superior, and that in his (Morris') opinion this brake chain should have been repaired.

Witness Wood says that he was at the place of accident some fifteen minutes afterwards, and that Greenwell had already been taken from under the car, but was lying on the ground nearby; and says that on the front car of this cut the brake chain was loose or broken.

Witness Barker saw the accident from the top of a freight train which was going north on track number three, and says Greenwell was standing on the front car of this cut with both hands on the brake wheel, and that he saw him make two turns, and then surge. He never made the third turn. Appellant's witnesses say, that as he took his hands off the brake wheel, his feet or hands slipped, and he fell in front of the car. Barker says, "as he went to make the turn he seemed to lose his balance, and fell over in front of the car." In answer to another question he said: "Just after he passed me he was in the act of changing hand-holds again, and seemed to lose his balance and fall." All agree that he was in the act of tightening, or had tightened the brake upon the car.

Whether appellant furnished decedent with a reasonably safe car, and reasonably safe appliances with which to discharge his duties as a brakeman, is a question of fact for submission to the jury. While appellant produces a greater number of witnesses to show that the brake chain was not faulty, and that in fact it did not break, still there was evidence to the contrary, and it was the duty of the court to submit the issue to the jury.

Appellant complains that the court erred in permitting testimony with reference to the alleged negligent operating of the train. Appellee was entitled under the pleadings to introduce testimony of this character, but in the opinion of the lower court it was not sufficient for a recovery, and it, therefore, did not submit that issue to the jury by any instruction. Trial courts should exclude incompetent testimony, but there is no reason why evidence competent under the pleadings should be

excluded merely because in the opinion of the court it is not sufficient to sustain a verdict.

Appellant also complains that decedent at the time of his death was not in the discharge of any duty toward the defendant in being on the cut of cars from which he fell. In other words he was a mere volunteer to whom defendant owed no duty to keep its premises and appliances safe. He was in the employ of appellant as a switchman, and was on duty in the yard at the time, and under instructions from his superior set the switch in order that these cars might go on track number four, and got upon the forward car so that he might set the brake upon same, and perform appellant's duty to have a watchman upon the forward end of moving cars. These facts are sufficient to show that appellant's contention is unsound. Furthermore, these questions were thoroughly threshed out on the former trials, and appellant's claim was not sustained. We will not give it further consideration.

The amended petition alleged that the car was defective; that Greenwell did not know it, but that defendant did know, or by the exercise of ordinary care could have known it. The instruction of the court leaves entirely out of view the question of Greenwell's knowledge, or means of knowledge of the defect, and makes the defendant liable, if the car was defective, without any regard whatever to Greenwells' knowledge, or equal means of knowledge of the defect, if there was one. Appellant complains that this was error. In an action to recover for death under section six of the statute, it is unnecessary to allege that decedent did not know of the danger or defect; knowledge on the decedent's part is a matter of defense, (Lexington & Carter M. Co. v. Stephens, Admr., 104 Ky., 502, and many other cases following it.) There was absolutely no proof to show that decedent had any knowledge of the defect in the car; on the contrary appellant denied that there was any defect, and its evidence was directed to the establishment of that fact. There being no issue in the proof on this point, the lower court was right in refusing to instruct the jury with reference to it.

For the reasons indicated the judgment of the lower court is affirmed. The whole court sitting.