## Walker v. Walker.

(Decided October 22, 1929.)

GRANT E. LILLY for appellant.

E. S. WIGGINS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is a second appeal in the same case. The first opinion is in 228 Ky. 357, 15 S. W. (2d) 298. The facts are fully stated in that opinion. When the mandate was filed in the circuit court, the appellant, Belle Walker, at-

tempted to have the questions further litigated, and to that end she filed a special demurrer and a general demurrer to the notice and motion referred to in the first opinion, which were overruled. She then tendered and offered to file an amended answer to the motion, which was refused by the court, when objection was made by the appellee on the ground that the amended answer sought to raise the same issues which had been litigated on the former trial.

The cause was again submitted for judgment, with the result that a judgment was entered, holding that the appellant was liable to the appellee in the sum of $5,000, with interest at 6 per cent. from June 4, 1926. This was one-half of the amount paid by the appellee on the bonds executed by him and the appellant jointly, as is fully set out in the first opinion.

It seems clear to us that all of the questions sought to be raised on this appeal were determined on the former appeal. The special demurrer and general demurrer were interposed after this court had passed on the question sought to be raised. It is unnecessary to go into these questions, as they were fully considered and decided in the former opinion. Whether the motion and notice were sufficient in form or substance could not be raised, after the opinion of this court determining the rights of the parties on the merits. It is true that a demurrer may be filed at any time, on the ground that the pleading, which is the basis of the cause of action, does not state facts which would authorize a recovery; but a demurrer cannot be made to raise the question of the sufficiency of a pleading, after this court has determined that the party was entitled to recover on the pleading.

It is suggested that the appellee had not paid anything on the bond, but the orders show that he had paid $10,000, by allowing the master commissioner to retain from his distributable share of the estate this sum and to apply it on one of the bonds.

It is argued at length that the amount of the judgment is erroneous. If the appellee paid $10,000 on the bond, which must be admitetd, it follows, as a matter of course, that appellant was indebted to him in one-half of that sum, with interest from the date of the payment. The judgment, therefore, is correct, as the difference between the first sale and the second sale was more than $11,000.

There must be a further adjustment between the parties, which we assume will be made at the proper time.

The former opinion is the law of the case, as it was held in the former opinion that appellant was responsible on the bond, and that appellee had paid a part on the bond, one-half of which he was entitled to recover, we cannot go behind that opinion to consider questions raised on this appeal, which were considered on the former appeal. The doctrine of the law of the case as announced in Fletcher American Co. v. Culbertson et al., 228 Ky. 734, 16 S. W. (2d) 175, and the authorities therein cited, applies fully to this case.

Judgment affirmed.