## Appalachian Stave Co. v. Pickard.
(Decided Oct. 20, 1936.)

GOLDEN & LAY for appellant.

H. H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing in part and affirming in part.

This is the second appeal of this case. Appalachian Stave Company v. Pickard, 260 Ky. 720, 86 S. W. (2d) 685, 687. There is no change in the issues or facts. In our opinion on the first appeal we pointed out an error in instruction No. 1 which was corrected on the second trial, with this exception—the instructions given in favor of Pickard are identical with those on the first. Those given at the instance of the Appalachian Stave Company on the second trial are not the same as those on the first. It is unnecessary to point out the difference between them, as the court on another trial, if one is had, if it requests them, will give those which were given in its favor on the first trial, as they are the law of the case.

Our opinion on the first appeal is the law of the case and precludes all questions on this one which were presented on the first, whether expressly mentioned or not, in the absence of a reservation in the opinion. Walker v. Walker, 231 Ky. 163, 21 S. W. (2d) 254; Collins v. Lemaster's Adm'r, 232 Ky. 188, 22 S. W. (2d) 567; Lewis v. Kash, 239 Ky. 117, 38 S. W. (2d) 978. Therefore, we will not again re-examine questions decided on the first. Justice v. Justice, 242 Ky. 553, 46 S. W. (2d) 1080; Blackburn v. Murphy, 244 Ky. 370, 50 S. W. (2d) 957; Baker v. High Splint Coal Co., 258 Ky. 786, 81 S. W. (2d) 577.

The case is stated in our former opinion. It is unnecessary to restate it. It was reversed when first be-

fore us because of an error in instruction **A** and the admission of incompetent evidence.

In discussing this incompetent evidence, we said: "The plaintiff introduced a number of witnesses who testified that they went to the scene of the accident on the following day and saw the imprint made by an automobile tire in the dirt at the point where the plaintiff claimed he drove his car when the accident occurred. There was evidence that a number of automobiles had passed back and forth along the road in the meantime, and there was also evidence that at least one or two automobiles had been driven along the extreme right side of the road at this point traveling from the direction of Barbourville. There was no evidence to show that the conditions had remained the same from the time of the accident until these witnesses made their observations on the following day, or that there were any distinguishing marks or circumstances by which the track seen by them could be identified as one having been made by Pickard's car. This evidence under the circumstances was incompetent and should have been excluded."

Johnnie Green testified in behalf of Pickard on both trials. To circumvent our ruling as to the incompetency of the evidence discussed in our former opinion, Pickard proved by Johnnie Green that on the night of the accident or the next day, he pointed out to Demps King, Bill Lundy, Parker Hemphill, Johnnie B. Adams, Walter Mays, Steve Newman, John Creasy, Herman Green, Charlie Swafford, Henry Pickard, and Riley Pickard "where the car was located" at the time of the accident; "water had run out of the radiator;" and "the tracks leading down to the place along the bank to where the car had stopped"—the point of the accident; then proved by these witnesses "that they went to the scene of the accident that night or the next day" and "they saw the wet place pointed out as the place where the water had run out of the radiator and observed the tracks leading down to the place along the top of the bank to where the car had apparently stopped, and as pointed out by Green as the place where it stopped." "They all described conditions identical with the testimony of the witness, Green." Green was recalled and further testified that the conditions were the same then

as they were when the accident happened that night."

The Appalachian Stave Company objected to this line of testimony. The court overruled its objection. To the testimony of the witnesses who were introduced by Pickard, and who were not present at the time and place Green claims he endeavored to point out to the above-named witnesses as stated by them, the court sustained an objection as to the above-named witnesses who claimed they were present that night or the next day when Green proceeded to point out to them that which they were permitted to describe. That which they described in their testimony was hearsay or secondhand evidence, within the generally accepted meaning of these terms. "Such evidence is inadmissible because the statements thus made are not subjected to the ordinary tests required by law for ascertaining their truth, the author not being exposed to cross-examination in the presence of a court of justice * * * and his deportment is not subject to observation." 1 R. C. L. 528.

Under this rule, it follows that the witnesses to whom Green pointed out that which they claimed they observed were not thereby qualified to testify as to what they saw or observed. Their knowledge thus obtained was derived naturally from the unsworn act or statement of Green, and the recalling of Green and proving by him that the condition was the same as it was at the time of the accident is no more than a statement of his opinion, and brings their testimony within the rule governing hearsay evidence, as it is stated in Louisville & N. R. Co. v. Murphy, 150 Ky. 176, 150 S. W. 79; Fidelity Deposit Co. of Maryland v. Champion Ice Mfg. & Cold Storage Co., 133 Ky. 74, 117 S. W. 393.

The fact that they and Green were cross-examined on the trial does not alter the case or render their testimony competent. Louisville & N. R. Co. v. Murphy, supra; Kentucky Central Ry. Co. v. Smith, 93 Ky. 449, 20 S. W. 392, 14 Ky. Law Rep. 455, 18 L. R. A. 63; White Construction Co. v. Brooks, 222 Ky. 621, 1 S. W. (2d) 1076; Louisville & N. R. Co. v. Moore, 150 Ky. 692, 150 S. W. 849.

Because of the admission of this incompetent evidence the judgment is reversed on the original and affirmed on the cross-appeal, with direction to award a new trial consistent with this and our former opinion.