## Martin et al. v. Hall et al; Newman v. Hall et al.

July 8, 1943.

As Modified on Rehearing May 9, 1944

538

Bert Combs, Faulkner & Faulkner for appellant.

H. H. Smith for appellee Hall.

Faulkner & Faulkner, H. H. Smith, and A. B. Combs for appellee Newman.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming in part and reversing in part.

The opinion on the former appeal, Hall's Ex'r v. Hall, is reported in 278 Ky. 88, 128 S. W. 2d 201. Therein the judgment was reversed with directions to cancel the deeds in question and to require an accounting of appellee to the appellant, his sister, and to allot the latter her interest in the real and personal estate of their father's Richard Hall's estate. Additionally it was directed that the disclaimers signed by appellant in a suit between her, appellee, Diamond Waddle, and others be declared to be null and void by restoring that case to the docket and entering a judgment to that effect. The judgment of the lower court was affirmed in respect to the appeal prosecuted by the executor of Lena Hall and the children of Joe Hall, but, since some of Joe Hall's heirs at law were not parties to the action, it was directed that upon return of the case they might intervene and file pleadings and proof asserting any claim which they might have to the property. While doubt was expressed concerning the validity of the gift and transfer of a certificate of deposit for $4,200 from Richard Hall to David Hall about ten months before the death of the former, the court declined to hold the gift invalid. The decision on that question, which again has been raised on this appeal, controls the decision on this appeal under the law of the case doctrine which is that a decision on a former appeal becomes the law of the case, and questions considered, however raised, cannot be relitigated. Walker v. Walker, 231 Ky. 163, 21 S. W. 2d 254. On return of the case to the lower court the remaining heirs of Joe Hall intervened and set up their claim of title to the land in the deed jointly conveyed to their ancestor and Richard Hall and to some rents and royalties derived from leases thereon. Judgment was rendered denying the claim of the intervenors. The appeal from the judgment on that branch of the case has been prosecuted separately. Since appellant's motion to be permitted to prosecute the appeal on the record in the case of Merica Newman v. David Hall et al., 278 Ky. 88, 128 S. W. 2d 201, 207,

was sustained and since one of the issues involved in the controversy between David Hall and Merica Newman depends upon the decision in respect to the other appeal, we will consider the two appeals in the same opinion. The Kentucky West Virginia Gas Company, pursuant to an order of the court, was made a party to the proceedings but no judgment was rendered against it, and the issues involved between it and the other parties to the actions were specifically reserved for future adjudication by the court; therefore, they were improperly joined as appellees herein and their motion to be dismissed as such must be and hereby is sustained. The evidence in respect to the claim of the heirs of Joe Hall to the land jointly conveyed to their father and Richard Hall does not add anything to the claim as shown by the evidence reviewed in the original appeal. We will quote from the opinion in that respect.

"While the evidence clearly indicates that Joe Hall did not in fact own any of the land referred to in the pleading, some of the land had been deeded jointly to him and to Richard Hall. He exercised no dominion or control over the land, made no claim to it and the joint lease was executed at the behest of the lessee and because the deed had been jointly made to Richard and Joe Hall * * *."

While this was dictum in the original opinion, it nevertheless conforms to our view concerning the record now under consideration and we adopted it as a part of this opinion.

We will now consider the judgment and contentions presented in the appeal of Merica Newman v. David Hall et al., and the cross petition of David Hall. The controversy concerns their respective rights to the real and personal property of their father's estate and the correctness of the accounting of David Hall as administrator of his father's estate, in so far as the interest of Merica Newman therein is concerned. The record now presented has been accumulated throughout twelve years of litigation. We have been required to review the pleadings and evidence presented at both trials which contain many thousands of pages of typewritten matter. To relate and discuss each item in controversy would necessarily extend the opinion beyond reason, and would serve no useful purpose to the bar. We will therefore confine ourselves to as general terms as possible and

will detail the evidence only when we think it necessary for a proper understanding of the decision.

Richard Hall died intestate and was survived by appellant, appellee, and four children of a deceased daughter, to whom we shall refer as the Waddle heirs. It is elementary then that appellant became heir to one-third, appellee to one-third, and the Waddle heirs to one-third of whatever estate Richard Hall was possessed at the time of his decease.

When this action was instituted by appellant, the Waddle heirs were made parties defendant. In so far as appellee and the Waddle heirs are concerned the case was settled by the execution of the following contract which has been performed.

"This Agreement, made and entered into on the 25th day of July 1930, by and between David Hall of the first part and Ernest Hall, Lula Hall, Diamond Waddles, Millics Waddles, Hugh Caudill, Nancy Caudill, Levi Johnson & Clora Johnson parties of the second part, witnesseth: That David Hall party of the first part agrees to pay all his part of the cost and half the court cost in said suit which is now pending in Knott Circuit court wherein Ernest Hall & c is Plantiff and David Hall is Defendant.

"The parties of the second part agrees to pay their part of the cost and half of the court cost in said suit now pending in Knott Circuit Court above mentioned and also to withdraw said suit. It is also further understood that the parties of the second relinquishes and don't claim any of the personal property of the said Richard Hall (deceased)."

At the time of the execution of the agreement recited above, David Hall was claiming to be the owner of all the real estate and personal property of his father, but which question was decided adversely to his claim on the first appeal. The agreement was entered into in consideration of David Hall deeding to the Waddle heirs certain portions of the real property of his father's estate. Although Merica Newman did not join her brother as a grantor in the deed, she at all times has been, and now is, willing that the Waddle heirs retain the property described in the deed as their part of the estate. It is now claimed by appellee, and the chancellor decreed, that by the instrument above quoted the Wad-

dle heirs assigned to David Hall their part of the personal estate, and that by reason thereof he is entitled to two-thirds and appellant is entitled to only one-third of the personal property. This contention is wholly unsound. The Waddle heirs were entitled by law to one-third of their grandfather's estate both real and personal. The parties had the right to agree that their part of the estate should consist wholly of real estate, and David Hall and the Waddle heirs entered into a solemn agreement to that effect. Merica Newman, the only other heir, had the right to agree to this distribution which she has done by her pleadings and the briefs prepared by her counsel. It may be true, as David Hall contends, that he struck a good bargain by overreaching the children of his deceased sister, but such shrewdness does not entitle him to a greater portion of the remaining estate than that to which his living sister is entitled. The Waddle heirs do not contend that the property they received is not equal in value to one-third of the estate. Neither does appellant contend that such share is more than the Waddle heirs are entitled to. It necessarily follows that all of the parties must be bound by their contract and acquiescence to the transaction. It likewise follows that appellant and appellee alike are entitled to a fair and equal division of what remains, including one-half of the sums received as compensation for right of ways and damages to the land, and that the clause in the agreement recited above: "It is also further understood that the parties of the second hereby relinquishes and don't claim any of the personal property of the said Richard Hall (deceased)", does not have the effect of assigning to David Hall more than his portion of the personal estate. It is a mere relinquishment to the remaining distributees of any claim the Waddle heirs otherwise might have had to the personal estate of their grandfather. The contract between the Waddle heirs and David Hall was not binding on Merica Newman unless she acquiesced, indeed, appellee could not convey the entire interest in the tract to the Waddle heirs without his sister joining in the deed or acquiescing thereto. Appellant called upon the Waddle heirs to answer her amended petition in this suit if they were not willing to accept the land conveyed by appellee in full of their share of the estate. They did not set up any additional claim but have accepted that part of the real estate in full of their interest

in the entire estate. The remainder obviously belongs jointly to appellant and appellee and the court erred in declaring appellee to be the owner of an undivided two-thirds of the remainder of the estate. That being true, the distribution directed in the settlement of the case was erroneous and should be corrected upon return of the case to the lower court.

Appellee by living on the real estate and using it was acting in a fiduciary capacity no less than his handling of the personal estate as administrator. He must be held to a strict accounting and must share the profits with appellant. The evidence as to the value of the use and occupancy of the premises was conflicting but appellee's evidence as to the amount realized from crops and rents was uncontradicted. The record does not raise more than a doubt in our minds as to the correctness of the decision of the chancellor in this respect, therefore, his finding will not be disturbed. Staten v. Louisville Trust Company, 289 Ky. 258, 158, S. W. 2d 387. The evidence is conflicting as to the value of the timber cut by the Edwards Lumber Company, therefore, the value fixed by the chancellor will not be disturbed but he should allow appellant one-half of such amount instead of one-third.

The Kentucky West Virginia Gas Company, one of the appellees, held a lease for oil and gas and had drilled several gas wells on the property owned by Richard Hall, including the real estate conveyed jointly to Richard Hall and Joe Hall and which we have decided was owned exclusively by Richard Hall. While this suit was pending, David Hall and the heirs of Joe Hall entered into an agreement with the Kentucky West Virginia Gas Company providing that it should pay all delayed and past due rents and royalties on all the property to David Hall; all future rents and royalties on the property jointly conveyed to Joe Hall and Richard Hall, and to pay to David Hall all future rents and royalties on the balance of the real estate. At the time of entering into this agreement all the parties thereto knew of the pendency of this action, indeed its pendency is acknowledged in the preamble to the agreement which recites: "Whereas, the title to that portion of the leased premises owned by the heirs of Richard Hall has been involved in litigation, and certain delayed rents have been withheld by the party of the second part (Kentucky

West Virginia Gas Company) pending the outcome of such litigation, and the gas wells have been drilled upon the leased premises upon which royalties are to be paid in the future.'' That agreement was entered into on January 6, 1931, and on the 8th day of October, 1932, the Kentucky West Virginia Gas Company was made a party defendant herein and by amended petition was apprized of the fact that appellant was claiming that the estate of Richard Hall was the sole owner of the land conveyed jointly to Richard Hall and Joe Hall as well as the land claimed by David Hall. The prayer of the petition against the Kentucky West Virginia Gas Company asks that it withhold payment of all rents and royalties from that day until otherwise directed by the court and additionally prayed for all legal and equitable relief. Despite this fact, the Kentucky West Virginia Gas Company continued to pay in accordance with the agreement and Lena Hall remitted to David Hall one-half of the rents and royalties received by her under the agreement which sums were conceived by her to be the portion due the Richard Hall estate. Since the chancellor reserved for future adjudication the liability, if any, of the Kentucky West Virginia Gas Company by reason of payments made after it became apprized of the pendency of the suit, we will refrain from commenting upon that question. As we have concluded that Joe Hall did not own any of the land in controversy, it necessarily follows that neither his executor nor his heirs were entitled to any part of the rentals and royalties. In accepting such they took the risk attendant upon such acts; and by David Hall agreeing that they might be thus paid, he rendered himself liable as administrator of the estate.

Neither the executrix of Lena Hall nor the heirs of Joe Hall have been made parties to these appeals on the issue of their liability to appellant Merica Newman for rents and royalties which they may have received from the Kentucky West Virginia Gas Company. That being true we specifically refrain from commenting upon such liability, if any there is. But David Hall should be required to account to appellant for one-half of the rentals and royalties he received direct from the gas company as well as the amounts received by Lena Hall under the agreement. It is unnecessary for us to determine the nature of the future royalties, because appellant is entitled to an equal distribution with her brother in the

whole thereof, whether they be considered real or personal property.

Appellant introduced in evidence a photostatic copy of a check for $3,025 drawn by the Kentucky West Virginia Power Company in favor of Richard Hall dated September 25, 1929, payable at the Colonial National Bank of Roanoke, Virginia. David Hall endorsed the check as was his custom in similar matters. Appellant claims that he should account to her for the fund represented by the check. It will be remembered that Richard Hall died about five weeks after the check was deposited. Appellee testified that he deposited the check to his father's account. The records of the bank show a deposit to the credit of Richard Hall between September 25 and October 2, 1929, in the amount of $3,850 but do not show on which of the intervening dates it was made. The bank records likewise show that from September 25 to September 30 the account of Richard Hall was overdrawn $1,169.57 and that checks aggregating $1,462.13 were honored by the bank during that period of time, making the total overdraft $2,631.70. The records then disclose a credit balance to the account of $1,219.30. The credit balance added to the overdraft amount to the sum of $3,850, the amount credited on October 2. Appellee testified that the $3,025 was a part of the $3,850 deposited and proved that Richard Hall received a check from B. J. Gayhart previous to that time in the sum of $576. He likewise testified that a royalty payment was due and paid before September 10 in the sum of $250 but he did not testify that he remembered the $250 also to have been a part of the deposit. If it had been, the three checks would have totalled the amount of the deposit, $3,850. From this evidence and the absence of evidence on the part of appellant from which it could be inferred that David converted the money to his own use, we believe the chancellor to have been correct in holding that appellant should not recover judgment for any part of this check or for the sum represented by the check from B. J. Gayhart.

Certain tenant houses were built by David Hall on the land in question after his father's death. These houses constitute no part of Richard Hall's estate and if the land cannot be equitably divided so as to allow the tenant houses to remain on the part allotted to

David Hall, he should be permitted to remove them to the land allotted to him and not be required to account for their removal.

Appellee's plea in bar and estoppel growing out of the signing of the disclaimers signed by appellant and filed in the suit of Diamond Waddle and others against appellee was decided adversely to his contention in the first opinion, and, under the law of the case doctrine, is binding upon this appeal. Certain debts of the estate, which we deem it unnecessary to detail, were correctly allowed as credits in the administrator's accounting because the proof in respect to their payment was uncontradicted and there was no evidence that they were not just. Russell v. Hogan, 282 Ky. 764, 140 S. W. 2d 615. After his father's death, David made certain permanent improvements which cannot be removed from the land and he is asking that he be allowed credit for making such improvements under the equitable principle announced in Wainscott v. McBroom, 203 Ky. 634, 262 S. W. 961, 962. In that case the court said: "But a joint owner in possession, claiming in good faith to hold the title to the whole, who erects permanent improvements which are beneficial to the interests of each of the joint holders, and which increases the value of the whole estate, is entitled to assert such lien to the extent of the increase in value to the whole estate."

The rule is correctly stated but the contention of appellee must be rejected because under the decision of this court on the first appeal appellee was not asserting his title in good faith.

In the year 1932, which was before the rendition of the first judgment, appellee removed walnut and white oak timber from the real estate in dispute. Claim for this waste to the land was not asserted until November 20, 1940, when appellant filed her amended petition. Since her cause of action had accrued more than five years next before the commencement of the action upon this claim, the court properly sustained the plea of limitation. But appellant claims that she is entitled to have the amended petition revert to the original petition and thereby arrest the running of the period of limitation at the time of the filing of the original petition; and, in support of that contention cites Bland v. Kittinger, 9 S. W. 301, 10 Ky. Law Rep. 417; Middlesboro Home Telephone Company v. Louisville & N. R. Co., 214 Ky. 822, 284 S. W. 104; Illi-

nois C. Railway Co. v. Heimerdinger, 218 Ky. 600, 291 S. W. 1027; Shelton Taxicab Company v. Bowling, 244 Ky. 817, 51 S. W. 2d 468; Williamson's Adm'r v. Norfolk & Western, 160 Ky. 158, 169 S. W. 613; Black Star Coal Company v. Garland, 235 Ky. 204, 30 S. W. 2d 900, and others from foreign jurisdictions supporting the rule contended for. The rule announced in the cases cited by appellant is not applicable to the facts of this case. Each of those decisions permitted the filing of an amended petition setting out additional claims against the defendant growing out of the same fraud or cause of action alleged in the original petition. Here, the fraud alleged in the original petition was the obtaining of the signature to the spurious deeds, whereas the claim set out in the amended petition was a separate fraud and constituted a separate cause of action. Where the amendment sets out no new cause of action and makes no new demands it will relate back to the commencement of the action, and the running of the statute against the claim of fraud will be arrested on the date of the filing of the original petition. However, an amendment which sets up a new cause of action from the first sued on, and which cannot be sustained by the same evidence as that supporting the original cause, and the judgment on the first count cannot successfully be pleaded as a bar to the right of recovery under the second count, the cause asserted in the amendment will not relate back to the commencement of the action. 17 R. C. L. sections 179, 180, 182, pages 814, 815, 816.

Appellee complains that the court erred in refusing to order a sale of the oil and gas rights which the parties jointly hold under the property. His principal reason is that he "states frankly that it is not conducive to the quiet enjoyment of his property to hold it jointly with appellant." It is contended that the court has the right to compel a sale of the jointly held personal property as well as to require a partition of the land under the provisions of section 2348, Kentucky Statutes. No case is cited in support of this contention and we are of the opinion that the statute is applicable only to divisible property. Both partes are complaining as to the values placed by the court on various items of property in dispute. It is sufficient to say, without going into detail, the evidence as to values was conflicting and the court's finding in respect thereto, as well as in respect to the reasonable rental value of the property, was, well within

the limits of the evidence. It is therefore incumbent upon us to sustain the finding.

At the commencement of this action and until this court reversed the first judgment, David Hall claimed to be the sole owner of all the property of his father's estate. He now claims to be the owner of two-thirds of the estate and at the same time is contending that he and his father were partners during the father's lifetime and for that reason he is entitled to be adjudged to be the owner outright of one-half of the estate and one-half of the remainder by inheritance, making three-fourths in all. Counsel admits in his brief that there was no partnership agreement but insists that because they did business together, upon equitable principles, he should be declared to be a partner. No authority is cited for this unique argument and we see nothing in the record which would entitle him to any equitable relief. He who comes into equity must come with clean hands.

Wherefore, the judgment on the appeal of Dina Martin et al., v. David Hall and Merica Newman is affirmed; and that on the appeal of Merica Newman v. David Hall et al., is reversed with directions to enter another in conformity with this opinion. The cross petition of David Hall v. Merica Newman is affirmed.

Whole Court sitting.