# Lipski v. Brooks et al.

April 22, 1949.

Julius Leibson and Louis Brownstein for appellant.

Edward W. Bensinger for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing in part, affirming in part.

Some time prior to 1931 the Lewiston Realty Company, a corporation, purchased from the Bloom Realty Company certain real estate in Louisville. Max M. Lipski, Edward Brooks and Maurice Brooks owned all of the capital stock of the Lewiston Realty Company. $53,500 of the purchase price was represented by second

mortgage notes bearing interest at the rate of 6%. The Lewiston Realty Company became unable to pay the mortgage notes or the accruing interest, and on October 19, 1931, the corporation and its stockholders entered into a contract with the Fidelity & Columbia Trust Company which was acting as trustee for the stockholders of the Bloom Realty Company wherein they agreed to pay to the trustee annual interest on the notes. The corporation and its stockholders failed to comply with the terms of this agreement, and on April 30, 1932, a new agreement was entered into whereby the contract of October 19, 1931, was extended to April 30, 1935. In the new contract the trustee waived all interest then past due, and the corporation and the stockholders agreed to pay the trustee in quarterly installments 2% annual interest on all notes held by the trustee, the first installment to become due August 1, 1932. The contract gave the stockholders the option to purchase the notes during the life of the contract for the sum of $26,250, interest at the rate of 2% to be paid up to the date of the exercise of the option. The trustee at its option could cancel the contract as well as the contract of October 19, 1931, and proceed to enforce the lien if the other parties failed to perform the obligations assumed by them. The contract contained this provision:

"It is further agreed between the parties that the cancellation of this agreement by third party will not relieve second parties of the obligations assumed by second parties in this agreement to wit, 2% annual interest on all notes held by third parties in quarterly installments, beginning August, 1932, and ending April, 1935, and said obligations assumed by second parties in the event of any breach by first and second parties of any of the covenants of this agreement and the cancellation of this agreement by third party, shall precipitate the payment of said interest assumed by second parties and such obligations shall all become due and payable upon the cancellation of this agreement as hereinabove set forth.

"It is the intention of the parties hereto that nothing in this agreement shall be so construed as to bind parties of the second part for any liabilities hereunder except, however, the payment of the two per cent. in-

terest on the notes held by parties of the third part for a period of time not later than April 30, 1935.''

In the contract the Lewiston Realty Company was named the party of the first part, Louis Stravitsky, Max Lipski, Edward Brooks and Maurice Brooks were named parties of the second part, and the Fidelity & Columbia Trust Company, trustee for the stockholders of the Bloom Realty Company, was named party of the third part. The annual interest provided for in the contract of April 30, 1932, was not paid, and the trustee sued the stockholders of the Lewiston Realty Company and recovered a judgment for $1,410, the amount of interest due up to February 1, 1934, the time the suit was filed. On February 15, 1935, the trustee entered into a written contract with Anne G. Lipski whereby, in consideration of $1,000 cash and the execution and delivery to it of five notes totaling $1,200, it transferred and assigned to her the unpaid notes which had been executed by the Lewiston Realty Company, the judgment for $1,410, and all its rights in the contract of April 30, 1932. On November 2, 1939, Anne G. Lipski brought an action to enforce collection of the judgment for $1,410 which had been assigned to her, and the suit was settled by the payment to her of $1,000 by Edward Brooks and Maurice Brooks. On February 14, 1940, she brought this action against Edward Brooks, Maurice Brooks and Louis Stravitsky to recover $1,337.50, which represents the interest on the $53,500 second mortgage notes from February 1, 1934, to April 30, 1935. Louis Stravitsky signed the contract of April 30, 1932, but whether he was a stockholder of the Lewiston Realty Company or what his interest in the matter was does not appear. However, he was not served with process and is not a party to this appeal. The defendants, Edward Brooks and Maurice Brooks, demurred specially to the petition on the ground that there was a defect of parties plaintiff, and the demurrer was sustained. The plaintiff filed an amended petition making a party the Citizens-Fidelity Trust Company, successor to Fidelity & Columbia Trust Company, trustee for stockholders of Bloom Realty Company. The defendants then filed special and general demurrers to the petition as amended, and both demurrers were overruled. The defendants filed an answer in four paragraphs. Paragraph 1 was a traverse.

In paragraph 2 it was alleged, in substance, that when Anne G. Lipski accepted $1,000 from the defendants in full satisfaction of the judgment for $1,410 for interest due up to February 1, 1934, the defendants were released from any further liability under the judgment and the contract of April 30, 1932. This defense was based upon the theory that the precipitation clause in the contract was self-executing, and all of the 2% interest from April 30, 1932, to April 30, 1935, became due upon default by the obligors and the cancellation of the agreement by the trustee. Paragraph 3 of the answer alleged that the defendants signed the contract of April 30, 1932, as sureties, and the seven year statute of limitations was pleaded. Paragraph 4 pleaded plaintiff's failure to list the contract for taxation in bar of her right to recover thereon. The plaintiff demurred to paragraphs 2, 3 and 4 of the answer. The court overruled the demurrer to paragraph 2, sustained the demurrer to paragraph 3, declined to act on the demurrer to paragraph 4, and ordered that it be held in abeyance. The demurrer to paragraph 2 having been overruled, the plaintiff declined to plead further, whereupon a judgment was entered dismissing her petition and she has appealed.

As heretofore stated, the defense set up in paragraph 2 of the answer was based upon the theory that the precipitation clause in the contract was self-executing and the failure of the trustee to seek judgment for the full amount due and payable under the contract barred a subsequent action under the same contract for an additional judgment. Appellant insists that the payment of interest not earned cannot be precipitated, but we do not reach that question. The contract provided for the precipitation of the payment of the interest upon the happening of two conditions: (1) "In the event of any breach by the first and second parties of any of the covenants of this agreement;" and (2) "the cancellation of this agreement by third party." It is not alleged in paragraph 2 of the answer that either the trustee or its assignee, the appellant, ever canceled the agreement. The agreement provided that the trustee might "at its option cancel this agreement and the agreement of October 19, 1931, and proceed at once for the collection of all sums due under the original second mortgage." There was no provision in the contract that it was automatically

terminated upon the breach of any of the obligations assumed by the first and second parties, but the trustee was given an option to cancel it. The trustee never availed itself of this option, but elected to sue for the interest as it accrued. It follows that the agreement remained in full force and effect, and that the court erred in overruling the demurrer to paragraph 2 of the answer.

The appellees have cross-appealed, and insist that the court erred in sustaining the demurrer to paragraph 3 of the answer. Appellees also insist that the court erred in overruling the special and general demurrers to the petition as amended, but they fail to point out wherein the petition was defective either as to parties or as to allegations of facts.

Appellees alleged in paragraph 3 of the answer that they signed the contract of April 30, 1932, as sureties for the Lewiston Realty Company and for its benefit, and that this fact was known to the trustee at the time of the execution of the contract and was known to appellant at the time of the assignment of the contract to her. Appellees pleaded in bar of appellant's right to recover from them KRS 413.220(3), which reads:

"A surety in any obligation or contract, other than those provided for in KRS 413.230, shall be discharged from all liability on it unless suit is brought on it within seven years after the cause of action accrues."

Since precipitation of the quarterly payments assumed by appellees did not occur in the absence of both default on their part and cancellation of the contract by the trustee, the cause of action in the present suit did not accrue until subsequent to February 1, 1934. Conceding for present purposes that appellees signed the contract of April 30, 1932, as sureties, the suit was brought February 14, 1940, well within the seven year period. It was alleged in paragraph 3 of the answer that more than seven years elapsed before the filing of the amended petition, but the running of the statute stopped when the original petition was filed and summons issued. The appellees were named defendants in the original petition, and no new cause of action as to them was introduced by the amendment. Martin v. Hall, 297 Ky.

537, 180 S.W.2d 390; Louisville & N. R. Co. v. Greenwell's Adm'r, 155 Ky. 799, 160 S.W. 479.

The judgment is reversed on the appeal with directions to sustain the demurrer to paragraph 2 of the answer, and is affirmed on the cross-appeal.